# Ward v. Cheney, Trustee.

### *Statutory Action of Ejectment.*

1. *Alterations or interlineations in written instrument; presumption; admissibility of instrument in evidence.*—The mere fact that alterations, erasures or interlineations are apparent on the face of a deed, does not destroy the validity of such deed, and the effect of such alterations, erasures or interlineations depending upon extrinsic evidence, is incapable of determination upon a motion to exclude the deed as an instrument of evidence; and it is, therefore, not error to allow the introduction in evidence of such deed, against an objection upon the ground of the existence of such alterations, erasures or interlineations.

2. *Same; same; same.*—Where interlineations are apparent on the face of a written instrument, and there is nothing to suggest suspicion, the presumption is that such interlineations were made before or contemporaneously with the execution of the instrument; and it is not error to allow the introduction in evidence of such instrument.

[Ward v. Cheney, Trustee.]

3. *Same; same.*—Where, in the trial of a case, upon. a deed being offered in evidence, it is objected to on the ground that it affirmatively appeared that interlineations were made in the deed, but on appeal the record contains neither the original deed nor any description of supposed interlineations therein, the appellate court, if necessary to support the ruling of the trial court in admitting the deed in · evidence, will presume that the interlineations were not apparent on the face of the instrument.

4. *Action of ejectment; right of defendant to object to introduction in evidence of a deed by reason of interlineations therein.*—In an action of. ejectment brought by a trustee under a deed of assignment for the benefit of creditors, the defendant deriving no right or interest in or under the deed, can not question its validity or object to its introduction in'eviaence, on the ground that it appeared affirmatively from the face of the instrument, that there were interlineations made therein after its execution ; when it is shown that the interlineations had existed in said deed for six years, that all the parties interested had treated them as properly made, and that the chancery court had taken jurisdiction over the trust created by said deed, and had treated said deed as valid.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellee against the appellant. The plaintiff claimed title under a general assignment for the benefit of creditors. The only question presented for review on the present appeal arises upon the admission in evidence of the deed of general assignment executed by Moses Brothers to H. A. Sayre, S. M.. Levin and R. B. Snodgrass. The facts in reference to this ruling are sufficiently shown in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the evidence.

GORDON MACDONALD, for appellant, cited *Montgomery v. Crossthwait,* 90 Ala. 553 ; *Harsh v. Klepper,* 28 Ohio St. 200 ; *Newell v. Mayberry,* 23 Amer. Dec. 261.

TOMPKINS & TROY and HORACE STRINGFELLOW *contra.*— 1. The question as to whether the alleged alteration in the deed was such a one as to justify its exclusion from the evidence, was one to be presented to and decided by the court, and it could decide that by an inspection of

the paper.—2 Amer. & Eng. Encyc. of Law, (2 ed.) 272. This court, not having the original deed before it, can not say that such an inspection did ·not justify the conclusion; but, on the contrary, as all reasonable presumptions must be indulged in favor of the correctness of the ruling of the lower court, this court must presume that the instrument did justify the conclusion.—*Humphries v. Bradford*, 32 Ala. 500; *Smith v. Gaffard*, 33 Ala. 168.

2. There is no presumption that an interlineation in an instrument was made after its execution. On the contrary, the presumption is that it was made before.— 2 Amer. & Eng. Encyc. of Law, 275, note 8; *Kendrick v. Latham*, 25 Fla. 819; *Little v. Herndon*, 10 Wall. 26·. And appellant was not in a position to make the objection.—*Ravisies v. Alston*, 5 Ala. 297.

BRICKELL, C. J.—This was a statutory real action, in which the appellee was plaintiff and the appellant defendant. The plaintiff deduced title to the premises in controversy under a general assignment for the benefit of creditors, purporting to have been executed on the 6th day of July, 1891, by the individuals composing the partnership of "Moses Brothers," to H. A. Sayre, S. M. Levin and R. B. Snodgrass, as assignees, they appearing to have joined in its execution. The defendant objected to the introduction of the assignment as evidence, upon the alleged ground that it appeared affirmatively upon the face of the instrument, that the names of Levin and Snodgrass were inserted therein after its execution. All interlineations in the instrument were in the same handwriting as its body, and a particular interlineation is noted as having been made before the signing. The objection was overruled, and an exception reserved by the appellant. It was shown that Sayre, Levin and Snodgrass had resigned as trustees or assignees, and the court of chancery had appointed the plaintiff and one Janney as their successors, and that Janney had died, leaving the plaintiff surviving trustee or assignee.

It was for the presiding judge to determine by an inspection of the assignment, whether the supposed interlineations were apparent on its face; and if apparent whether they were not so accounted for or explained, as to require that the assignment should go to the jury as

an instrument of evidence.—2 Amer. & Eng. Encyc. of Law, (2 ed.) 273. The original instrument is not before us, nor is there any description of the supposed interlineations. There is no more than the affirmation in the objections that these interlineations were apparent on the face of the instrument; an affirmation which the court on inspection may have found untrue in point of fact; and if necessary to support the rulings of the court, on error, the presumption would be that such was the case. In *Sirrine v. Briggs*, 31 Mich. 445, a case similar, it was said by Judge Cooley: "Exception was taken to the introduction of the chattel mortgage in evidence, on the ground that a suspicious alteration appeared on its face which was not explained. The judge held an explanation not necessary. The original mortgage is not produced here, and we cannot, therefore, inspect it. We cannot presume error, and must, therefore, suppose that any alteration apparent on its face was not, in the opinion of the circuit judge, suspicious in appearance, and if so, he ruled correctly in receiving it in evidence. Unless they are suspicious in appearance, alterations or interlineations are presumed to have been made before the execution of the instrument, not afterwards."

The mere fact that alterations, or erasures, or interlineations, are apparent on the face of a deed does not destroy its validity. The effect of them, ordinarily, depends upon extrinsic evidence, and is incapable of determination upon a motion to exclude the deed as an instrument of evidence.—*Ravisies v. Alston*, 5 Ala. 297. If apparent on the face of the deed, and nothing appears to the contrary, the presumption is, that they were made contemporaneously with the execution of the instrument. But if any ground of suspicion is apparent upon the face of the instrument, the law presumes nothing—it leaves the question of the time, the agency, and the intent with which they were made, as matter of fact to be determined by the jury.—1 Green. Ev., §564; 1 Whart. Ev.; § 629. If the supposed interlineations exist, for six years all parties in interest have concurred in recognizing the validity of the assignment—have treated them as properly made—the court of chancery has accepted the resignation of Sayre, Levin and Snodgrass as assignees, and has appointed successors to them. We

16

do not perceive on what principle, the defendant, deriving no right or interest in or under the deed—so far as appears, a mere intruder or trespasser upon lands conveyed by it—can draw in question its validity to the prejudice of parties in interest.—*Ravisies v. Alston*, *supra*.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.