# Harper *et al. v.* Reaves.

*Statutory Action of Ejectment.*

[Decided June 28, 1902.]

1. *Conveyance of land; when instrument a deed and not a will.* Where an instrument conveying land is in form a deed, is witnessed and probated as such, and there is no power of revocation reserved expressly or by implication, and the only word in it to indicate that the party making it intended it to operate as a will is the word "bequeath" in connection with the word "convey," stating that the grantor "bequeathes and conveys the lands," describing them by land office numbers, such an instrument will be construed to be a deed and not a will.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. A. H. ALSTON.

This was a statutory action in the nature of ejectment, brought by the appellee, C. D. Reaves, against the appellants, to recover certain lands specifically de-

40s

scribed in the complaint. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave to the jury the general affirmative charge in his behalf, to the giving of which charge the defendants duly excepted .

There were verdict and judgment for the plaintiff, and the defendants appeal; and assign as error the several rulings of the trial court to which exceptions were reserved.

B. B. & W. H. BRIDGES and HENDERSON & ROWLAND, for appellant, cited *Sharp v. Orme,* 61 Ala. 263; *Webb v. Mullins,* 78 Ala. 111; *Ward v. Cheney,* 117 Ala. 238; *Wisdom v. Reeves,* 110 Ala. 418; *B. & L. Asso. v. Agricola,* 124 Ala. 474; *Sullivan v. McLaughlin,* 99 Ala. 60; Devlin on Deeds, § 840.

E. M. OLIVER, *contra,* cited *Webb v. Mullins,* 78 Ala. 111.

HARALSON, J.—Both parties claim title from the same source,—from Syrildia Edge. She executed the instrument under which the plaintiff claims title, on the 3rd of January, 1874, in the presence of two witnesses. It was probated before a justice of the peace, by one of the subscribing witnesses, on the 27th of November, 1874, and was recorded on the 26th October, 1898. The introduction of this instrument, as a muniment of plaintiff's title to the land sued for, was objected to by the defendants, on the ground that it was not self-proving; that the probate of the witness was not sufficient to admit the instrument to record; that said instrument was not a deed but a will, and that it was not executed as wills are required by law to be executed. There was no evidence that it was ever attempted to be probated as a will. The court overruled these objections and admitted the paper in evidence. This ruling is not assigned or insisted on in argument as error, and is waived.

[Harper *et. al.* v. Reaves.]

The defendants defended on the ground, that Syrildia Edge, on the 3rd day of June, 1893, executed to their grantor, G. A. Folsom, a deed to the same lands as are contained in the paper under which plaintiff claims. This paper purporting to convey to said Folsom these lands, was not attested by a subscribing witness, but it does purport to have been acknowledged by the grantor before A. B. Brookshier a justice of the peace, on the same day it was executed. This acknowledgment, however, was insufficient as such, but it will operate as an attestation by a single witness.—3 Brick Dig. 298, § 19. It was not recorded until the 20th of February, 1897. The defendants proved by the said justice, that he saw the grantor sign the instrument. The point is made, that the witness having been examined on interrogatories, did not have the instrument before him when he deposed. He was asked to examine the deed attached to the interrogatories, and to state whether or not he was present when the same was executed; if he saw the grantor sign it, and if it was his certificate attached to the same. He answered affirmatively, and it is stated in the bill of exceptions, that the deed attached to the interrogatories to the witness was the original deed of the grantor, Syrildia Edge, to G. A. Folsom, herein above (in the bill of exceptions) set out. This was quite sufficient to show that the original was before the witness when he was examined.

Aside from the execution of the deed, the plaintiff objected to the introduction of this paper on the ground that it was executed after the deed offered in evidence by plaintiff was executed; because it does not convey any land, but only conveys a certificate of entry or land patent; because it contains an interlineation,—the word, east, being interlined after the word south, and before the word quarter, in the description of the land contained therein, and because the same is mutilated. The original is before us, having been certified to this court by order of the circuit court. On an inspection of the original, we discover no interlineation in the deed such as

is set out in the objection. The word, east, is plainly written between the words, south and quarter, and does not bear any suspicious appearances of being an alteration, though, as stated, the objection is not to a material alteration, but to an interlineation which does not appear. But the mere fact that alterations, or erasures, or interlineations are apparent on the face of the deed,—if° either were there in this case,—does not destroy its validity. The effect of them, ordinarily, as held, depends on extrinsic evidence, and is incapable of determination upon a motion to exclude the deed as an instrument of evidence,—*Ward v. Cheney,* 117 Ala. 241. The alleged mutilations in the instrument are not sufficient to destroy its validity as a deed. It is full and sufficient to convey the land described, notwithstanding the omission, here and there, of certain words, occasioned by the age, the wear and improper care of the deed.

The objections to the introduction of the deed, such as we have considered, appear, therefore, to have been without foundation. The other objection, that the deed was executed to defendants' grantor, after the one to the plaintiff was executed, was well taken, however, if the paper under which plaintiff claims is in law a deed and not a will. If a deed, the title passed thereby out of the grantor into the plaintiff, and there remained no right or title to the land which could be conveyed by said grantor by said subsequent deed to defendants' grantor, G. A. Folsom. We have examined plaintiff's said muniment of title. It is in form a deed, witnessed and probated as such, and employs the language and terms of a conveyance. There is no power of revocation reserved expressly or by implication, and the title does not appear to be postponed until after the death of the grantor. The only word in it to indicate that the party making it intended it to be a will is, that she used the word "bequeath" in connection with the word "convey," stating, "I bequeath and convey" to my son (the plaintiff), the lands she possessed, describing them by land office numbers,—the description itself being an indi-

cation, though not controlling, that she intended to make
a deed.   The words used in connection with the per-
sonal property described,—"that I now possess or may
came into the possession of during my natural life"
while appropriate to a will, are not inconsistent with
the paper being a deed.   If the paper on its face were
equivocal, the presumption would be against its oper-
ating as testamentary, unless it were made clearly to
appear that it was executed *animo testandi,* to operate
as a posthumous disposition of her property.—*Abney
v. Moore,* 106 Ala. 134; *Whitten v. McFall,* 122 Ala.
619; *Gomez v. Higgins,* 130 Ala. 493.   When properly
construed, the plaintiff's muniment of title must be con-
strued to be a deed which passed the title, certainly, of
the land therein described to him, leaving no title
thereto, to be conveyed afterwards to defendants'
grantor, G. A. Folsom, and there was no error in over-
ruling defendants' objection to its introduction in evi-
dence.

For the same reason, there was no error in sustain-
ing the objection of the plaintiff to the introduction of
the defendants' deed from said G. A. Folsom and wife
to them.   They had, as stated, no title to convey to de-
fendants.

Affirmed

