WILLIAM SANDERS, APPELLANT, VS. MARSHALL PEPOON AND ROBERT OLCOTT, APPELLEES.

The act of 1846, Ch. 81 § 1, Thomp. Dig., 343, refers only to such instruments as are duly proved before the recording officer, or some judicial officer, and recorded, in compliance with law.

An acknowledgment by one of two grantors or bargainors of the execution of an instrument required by law to be recorded, is not sufficient to entitle it to be recorded, and if recorded informally, it is not entitled to be regarded or treated as a registered instrument; nor will the fact that the grantors or bargainors were partners in trade make any difference.

By the law of this State, no mortgage of personal property shall be effectual or valid to any purpose, unless the mortgaged property be delivered within twenty days to the mortgagee, and shall in good faith remain in his posses-

sion, or unless the mortgage be recorded in the County in which the mortgaged property is at the time of the execution of the mortgage. The transfer of the possession is actual notice, and the registration of the mortgage constructive notice of the transaction.

Where the latter is resorted to, the forms and requirements of the registration acts must be strictly pursued.

An absolute bill of sale of personal property need not be recorded, and therefore, when such an instrument is recorded, even though it may be proved with all the forms and solemnities required by law, in the case of conveyances of real estate, yet, if the possession continues with the bargainor, the conveyance is inoperative and void, as against creditors and subsequent purchasers.

This was an action of assumpsit for money had and received, brought by the appellees in the Circuit Court of Monroe County against the appellant. The suit was instituted to recover from the defendant, in the Court below, the amount of a note made and executed by one John H. Geiger in favor of Ashley & Hovey, merchants at Key West, and endorsed by them to said defendant. The claim of the plaintiffs was based on a mortgage, the nature and character of which are fully set out in the opinion of the Court. The mortgage or instrument upon which the claim was founded, bore date July 7, 1848, and purported to be a deed of conveyance of goods, wares, merchandise, notes, &c.. belonging to the said Ashley & Hovey, including debts to become due, until a note for $800, alleged to have been executed by them in favor of the plaintiffs below, should be paid. In the year 1849, John H. Geiger executed the note in question, payable to Ashley & Hovey, or order. This note was endorsed by the latter to the defendant in the Court below, and paid to him by Geiger, the maker, some time in 1849 or 1850.

The question was as to the right of the appellees to recover, under their alleged mortgage, the amount of the note so paid to appellant.

*King* for appellant.

THOMPSON, *Justice*, delivered the opinion of the Court.

The respondents, who were plaintiffs in the Court below, founded their right to recover in this case upon an instrument of writing which is called a mortgage. This instrument bears date on the 7th July, 1848, and was recorded in the office of the Clerk of the Circuit Court of Monroe County, on the 17th January, 1849, upon the acknowledgment of one of the alleged mortgagors only. It is executed by Sydney J. Ashley and James B. Hovey, who are described as partners in trade at Key West, under the style and firm of Ashley & Hovey, and professes, in consideration of the sum of eight hundred dollars to them in hand well and truly paid by the respondents, to bargain, sell and convey to the said respondents, their executors, administrators and assigns, "all the goods, wares " and merchandise in the schedule marked A., and all other " goods of every description in our store or place of business " at Key West, together with the book debts in said sched- " ule named, and all book debts, notes and accounts due " and owing to us, and we do also grant and convey to the " said parties aforesaid, all goods, wares, merchandise and " property which shall at any time be contained in our " said store, and all debts and accounts which shall accrue " to us, until the said money shall be re-paid to the said " parties, and do authorize and empower the said parties " themselves, or their agents, at any time to take possession " of the books belonging to the said firm, for the purpose " of collecting the said debts, and to collect the same for their " benefit, as well as to take possession of the other proper- " ty in said store."

The *habendum* of the conveyance or instrument, conveys the premises to the respondents, their executors, administrators and assigns forever.

24

There is no clause of defeasance, nor indeed any evidence whatever that the instrument, which is absolute in its terms, was intended as a mortgage, unless it may be collected from the clause in the premises above recited which states as among the rights and interests intended to be conveyed the "future acquisition of goods, wares and "merchandise, and the subsequent accrual of debts and "accounts to the grantors until the said money shall be re-"paid to the said parties."

The schedule which is referred to in the bill of sale, is scarcely more definite than the description of the property intended to be conveyed, as it is set forth in the premises of the instrument. It it as as follows, viz:

"Schedule A., *referred to in the annexed bill of sale:*

| | | |
|---|---|---|
| "Groceries to the value of  -  -  - | $400 | 00 |
| "Hats and Caps, value,  -  -  - | 50 | 00 |
| "Stationary, value,  -  -  -  - | 50 | 00 |
| "Dry Goods, value,  -  -  -  - | 200 | 00 |
| "Clothing, value,  -  -  -  - | 200 | 00 |
| "Book accounts, about,  -  -  - | 500 | 00 |
| "Goods shipped on board the brig Na-"poleon, destined for our store at Key "West,  -  -  -  -  - | 252 | 80" |

It would seem from the evidence that Ashley & Hovey continued their business from the date of the bill of sale as they had before done, up to the close of the year 1849, when they finally closed their store, and that during this time one John H. Geiger became indebted to them for supplies furnished his vessels, and settled by giving his three notes, one of which, for the sum of one hundred and fifty dollars, at six months date, by the acknowledgment of the appellant, was transferred to him by said Ashley & Hovey, in payment for a bill of goods which they had

bought of him; and it was further proved that the note so transferred had been paid by Geiger to the appellant.

Upon the trial, various exceptions were taken to the ruling of the Judge upon the admission of testimony, as well as the refusal to instruct the jury, as prayed for by the appellant, and to the instructions actually given.

The bill of sale or mortgage, as it is termed in the bill of exceptions, was offered in evidence, without other proof of its execution, than the acknowledgment made before the recording officer by Ashly, one of the grantors, and it was admitted by the Court against the objection of the appellant. The rule of the common law is perfectly clear that every species of writing, as well as deeds, when offered as evidence, must be proved by the subscribing witnesses, if there be any; or at least by one of them; (1 Greenl. on Ev. 569,) but the application of the act of 1846, Ch. 81. section 1, Thomp. Dig. 343,) is by no means free from difficulty. The statute gives to certified copies of any instrument of writing required, or authorized by law to be filed or recorded in any public office of the State the same force and effect as evidence, in all cases and in all Courts and places as the original has, providing however that the Court or Judge may, when the same shall be deemed necessary for the attainment of justice, require the party to produce or account for the absence of the original; and it would seem very like an absurdity to make a certified copy from the records of an instrument of writing evidence without other proof of execution than the acknowledgment made preparatory to its registration, while it would deny the same effect to the original instrument, with the original certificate of the recording officer of the proof or acknowledgment thereof attached thereto. But we do not express any opinion as to the extent to which a correct interpretation of this statute would lead, as there is some di-

versity of opinion in the Court upon the, point, and be- cause we all agree that the statute, whether it is to be con- fined to its letter or should be extended to all cases which may fall within its reason and spirit, can, and does only, refer to such instruments as are duly proved before the re- cording officer, or some judicial officer, and recorded in compliance with law.

Instruments of writing providing for the transfer of per- sonal property, before being admitted to record, are requir- ed to be proved before the recording officer, or some ju- dicial officer of the State, in the same manner as is pre- scribed for conveyance of real estate, with the exception that where there is no subscribing witness, the hand- writing of the mortgagor or bargainor may be proved by witnesses. Thomp. Dig. 183. To this instrument of wri- ting, there is a subscribing witness, and therefore by the 4th section of the act of 1828, (Thomp. Dig. 180,) proof of the execution should have been made by the acknowledg- ment of the parties executing the same, or by the oath of the subscribing witness. One of the parties only appeared before the Clerk of the Circuit Court, and made the ac- knowledgement; it was not competent for him to acknowl- edge for the other grantor or bargainor, although the rela- tion of partners in trade subsisted between them, and the instrument therefore was not only not proved so as to enti- tle it to record, or being recorded informally, to the char- acter and effect of a registered instrument. We are very clearly of opinion that the act of 1846 did not apply; and it was error in the Court below to admit the instrument in evidence without common law proof of its execution.

Having ascertained the commission of this error by the Court below in the progress of the trial of this cause, we might pause here and pronounce a judgment of reversal, but as we view the infirmity of the case upon the merits.

too manifest to warrant an award of a *venire facias de novo*, we proceed to its further consideration.

The instrument of writing seems to have been treated and considered in the Court below as a mortgage, although, as we have before remarked, the instrument *ex facie* is an absolute conveyance, containing no recital of a debt due, save the very vague expression before quoted, that the instrument was to operate on the future acquisitions of goods and merchandize and the future accrual of debts, &c., " until the *said* money shall be repaid," when there is no previous mention made of any money due, or loaned, and containing no clause of defeasance. We find no parol evidence in the record giving to the instrument the character of a conditional conveyance or mortgage, or connecting with it the note of Ashley & Hovey to the respondents for eight hundred dollars, bearing date the 6th day of July, 1848, which was offered in evidence in the Court below, and which from all we can see was wholly irrelevant.

But whether the instrument be regarded as a mortgage or as an absolute bill of sale, the infirmity of the case of the plaintiff below is equally apparent. Viewed as a mortgage, it is inoperative for want of the record provided by the 5th section of the act of November 15, 1828, (Thomp. Dig. 183,) as necessary to its validity.

We have seen that the acknowledgment of the execution of the instrument being by one grantor only, it was not duly proved for record; and although transcribed upon the record books of the County of Monroe, such act of transcribing did not give to it the force and effect of a record in contemplation of the statute.

The act of the Legislature declares that no mortgage of personal property shall be effectual or valid to any purpose whatever, unless the mortgage property be delivered

within twenty days to the mortgagee, and shall remain thereafter in good faith in his possession, or unless the mortgage be recorded in the County in which the mortgaged property shall be at the time of the execution of the conveyance. The object of the statute is that notice of such a transfer shall be given, in order to prevent frauds and injury to the community. Possession of personalty is indicative of ownership, and the change of the possession from the mortgagor to the mortgagee, and its continuance in the control of the latter, would give to the transaction such notoriety as would amount to actual notice. When, however, the possession remain with the mortgagor, and the alternative of registration is resorted to, the notice is but constructive, and the Courts have ever held that, to make such constructive notice effectual, the forms and requirements of the registration acts must be strictly pursued. It is never extended to all deeds and conveyances which *may* be registered, but to such only as are authorized and required by law to be recorded, and are duly registered in compliance with law.

Considering the instrument as an absolute bill of sale, it was not required by law to be recorded, and therefore the registration was a vain and futile act : it was not constructive notice of its existence, even if its execution had been proved with all the forms and solemnities required by law for the proof of execution of conveyances of real estate ; and the possession continuing with the bargainors, the conveyance was inoperative and void as against creditors and subsequent purchasers, as we have heretofore ruled in Gibson vs. Love, 4 Fla. R. 217. According to the testimony, the appellant acquired the promissory note in question in payment for a bill of goods which he had sold to Ashley & Hovey. Now whether the transfer of the note was simultaneous with the delivery of the goods, and

might be considered as a purchase of the promissory note with the goods so delivered, or the note was received by the appellant in discharge of a precedent debt due him for goods sold and delivered to the said parties, is equally immaterial, for as to either character of subsequent purchaser for value or creditor, the conveyance was null and void, because the possession of Ashley & Hovey was inconsistent with the conveyance.

These considerations show most clearly that the respondents, by the conveyance exhibited, acquired no right to, or lien upon, the promissory note in question, or the debt which it was given in liquidation of, and therefore the respondents were not entitled to recover; and the Court below should have so ruled. We do not deem it necessary to examine particularly the propriety of the refusal by the Court below to give to the jury the instructions prayed by the appellant, or those which the Court did give, as the view we have taken covers the whole merits of the case.

Some considerations have suggested themselves to us springing out of the form of the conveyance, and the vague and uncertain description of the property *in esse* intended to be conveyed, as well as to its peculiar and transitory character; and also the propriety of giving effect to transfers and mortgages of property, and of rights or things in action subsequently to be acquired by the mortgagor, but as the examination of the points is not necessary to a disposition of the cause, we forbear to notice them.

The judgment of the Court below must be reversed, with costs; and inasmuch as it appears by the record that the amount of the judgment and costs has been paid by the appellant, let a writ of restitution of the amount so paid issue from this Court, upon the application of the appellant or his counsel.