ELIZA A. HARRIS *vs.* CHARLES E. CHAFFEE.

A debtor gave to his creditor, as security for the debt, certain chattels by a bill of sale absolute in form, but in effect a mortgage. The instrument was not recorded, and the chattels remained in the debtor's possession.

*Held,* that the chattels were subject to attachment in an action brought by another creditor against the debtor.

*Held,* further, that no greater effect could be given to the bill of sale than if it were in form a mortgage.

Whether if the instrument had been placed on record it would have the effect of a mortgage is not decided. But an instrument intended to operate as a mortgage should have the form of a mortgage.

DEFENDANT'S petition for a new trial.

*December* 27, 1890. DURFEE, C. J. This is replevin for goods and chattels attached by the defendant as deputy sheriff on a writ against one J. F. Breitschmidt, while in the latter's possession. The plaintiff claims them under a bill of sale, as follows : —

PROVIDENCE, R. I., June 13, 1888.

For and in consideration of three hundred dollars ($300.00) due to Mrs. Eliza A. Harris, we have this day sold, conveyed, and delivered to her, as her own goods and chattels, viz. : two (2) show-cases, one (1) counter, one (1) writing-desk, one (1) barber chair, two (2) looking-glasses, about two (2) thousand cigars, and all goods kept in said two showcases.

BREITSCHMIDT & CO.,

BY J. F. BREITSCHMIDT.

On trial in the Court of Common Pleas, testimony was adduced for the plaintiff, going to show that, when said writing was given, Breitschmidt was indebted to the plaintiff about $300 for arrears of rent, and that the goods were not worth over $150; and the plaintiff herself testified that the writing was given as security for the debt. The defendant claimed that the bill of sale was in effect a mortgage, and that as it had not been recorded, it was as against him void, and if not void, yet that the property was subject to attachment. The case was tried to the court, jury trial having been waived. The court gave judgment for the plaintiff. The defendant petitions for a new trial.

In *Mead* v. *Gardiner,* 13 R. I. 257, this court decided that the retention of personal property by a vendor, after a sale or what

purports to have been such, affords, as against creditors, a strong but not conclusive presumption of fraud. The burden was therefore on the plaintiff to rebut such a presumption. Her testimony showed that the writing was given as security for a debt, and therefore that, while absolute on its face, it was in equity a mortgage redeemable as such. Our statute, Pub. Stat. R. I. cap. 176, § 9, provides that no mortgage of personal property shall be valid against any person but the parties thereto, unless possession is delivered to and retained by the mortgagee, or the mortgage is duly recorded. It also provides, cap. 208, § 4, that "personal estate, when mortgaged and in the possession of the mortgagor, and while the same is redeemable at law or in equity, may be attached on mesne process against the mortgagor, in the same manner as his other personal estate." Under these provisions the writing, if it is to be treated as a mortgage, is void as against the defendant, because unrecorded, and, if it had been recorded, it would not entitle the plaintiff to maintain her action. How should it be treated? It would be plainly against the policy of the law to hold that the right, given by statute to a creditor, of attaching the personal property of his debtor while under mortgage, can be defeated by the debtor's giving the mortgage in the terms of an absolute transfer; since that would be to allow to falsehood an advantage over truth, and virtually to invite a circumvention of the statute. Accordingly, it has been held that such a transfer is within the operation of a statute making void a mortgage not recorded, in case the property is not delivered to and retained by the mortgagee. *Bird* v. *Wilkinson*, 4 Leigh, Va. 286; *Dukes* v. *Jones*, 6 Jones, N. Car. 14; *Shaw* v. *Wilshire*, 65 Me. 485; Jones on Chattel Mortgages, § 275. "Can it be, then," asks President Tucker in the first-named case, "that the *falsehood* of the conveyance places the plaintiff in a better situation than if the deed had been drafted according to the *truth?*" And he answers: "So far from the absolute form of the deed making the case better, it stamps it in my judgment with stronger features of fraud, as respects purchasers and creditors." To hold that such a deed would better avail than if it had set out the truth, the court say in *Dukes* v. *Jones*, "would be a direct encouragement to falsehood and the suppression of truth." "It is the substance, intent, design, and

effect of the instrument," says the Supreme Judicial Court of Maine in *Shaw* v. *Wilshire*, " and not its form merely, which is to be regarded. . . . Upon the plaintiff's own version it was at the best but a mortgage, and the statute requires that all mortgages of that amount shall be recorded." Some cases go further, and hold that if the transfer, intended to operate as a mortgage, be absolute in form, it cannot even be recorded so as to have the force of a mortgage; there being no provision for recording such transfers. *Dukes* v. *Jones, supra*, citing *Gregory* v. *Perkins*, 4 Dev. N. Car. 50 ; *Walton* v. *Stallings*, Ib. 56, and see *Sanders* v. *Pepoon & Olcott*, 4 Fla. 465. In the case at bar the plaintiff's bill of sale never was recorded, and, treating it as a mortgage capable of being recorded, it cannot avail against the defendant, because unrecorded. We think that at best it can have no more validity than a mortgage. Whether, if recorded, it could have had as much as a formal mortgage duly recorded, we express no opinion ; though we think it proper to say that, if an instrument of transfer be intended to operate as a mortgage, it is always best to make it such in form, since if absolute in form, it is *ipso facto* obnoxious to suspicion. Bump on Fraudulent Conveyances, 84.

*Petition granted.*

*Ambrose E. West*, for plaintiff.
*Herbert B. Wood & William Fitch*, for defendant.