ISAM B. THOMAS, PLAINTIFF IN ERROR, v. IVEY V. WILLIAMSON, DEFENDANT IN ERROR.

1.  Section 1110 of the Revised Statutes of 1892, providing that "copies of all wills and letters testamentary or of administration, *heretofore* recorded in any public office of record in this State, when duly certified to by the keeper of said records, shall be received as evidence in all the courts of record in this State," is not applicable to wills and letters testamentary or of administration which were recorded *after* the adoption of the Revised Statutes.

2. Section 1111 of the Revised Statutes of 1892 provides for the admission and reception in evidence, in all cases and in all courts and places of copies of "any record, pleading, document, deed, conveyance, paper, or instrument of writing," when the same "is, or may be required or authorized to be made or filed or recorded in any public office of this State or of any County thereof," duly certified as therein required, "with the like force and effect as the original thereof might be," provided that the court or judge might require the party offering the same to produce or account for the original of such copy, "if the same shall be deemed necessary for the attainment of justice."

3. Section 1814 of the Revised Statutes of 1892 provides that all wills of which probate shall be granted, together with the letters testamentary, shall be recorded in the office of the County Judge.

4. Section 1810 of the Revised Statutes of 1892 provides that "the probate of wills so far as concerns any personal estate shall be conclusive as to the validity of the will of which it is the probate, and the probate of wills so far as concerns real property shall be *prima facie* evidence of the validity of wills of which it is the probate, in any suit or controversy in relation to or concerning the property thereby devised or bequeathed."

5. General objections to evidence proposed, without stating the precise ground of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances, when a general objection thereto is sufficient.

6. Section 1810 of the Revised Statutes of 1892 having made the probate of wills conclusive as to personalty and *prima facie* evidence of the validity of wills as to real property, the manner of execution and of attestation of a will admitted to probate cannot be attacked in a collateral proceeding.

23 S. C.

7.  *Prima facie* evidence is such as in the judgment of the law is sufficient to establish the fact, and, if unrebutted, remains sufficient for that purpose.

8.  Objections interposed to the introduction in evidence of a written instrument which do not appear upon the face thereof but would have to be proved by extraneous evidence should be overruled.

9.  Chapter 4730 of the Laws of 1899 providing that "whenever a person who is the head of a family residing in this State and having his homestead herein, shall die and leave a widow surviving him, but no children, the homestead should descend to the widow and shall not be the subject of devise by last will and testament," is not in conflict with section 4 of Article X of the Constitution of 1885.

10. Our State Constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or implied prohibition contained in the constitution, the courts have no authority to pronounce it invalid.

This case was decided by Division A.

Writ of Error to the Circuit Court for DeSoto County

The facts in the case are stated in the opinion of the Court.

*Forrester & Burton,* for Plaintiff in Error.

*John H. Hancock,* for Defendant in Error.

SHACKLEFORD, C. J.   This is an action of ejectment instituted in the Circuit Court for DeSoto County by the defendant in error as plaintiff against the plaintiff in error as defendant, which resulted in a verdict and judgment for the plaintiff, to which judgment the defendant

took writ of error, returnable to the present term of this court. No point is made on the pleadings, the declaration being substantially in the statutory form, to which a plea of the general issue was filed. The plaintiff, in support of his title, introduced in evidence a U. S. patent to Ziba King, embracing the land in question, a warranty deed from Ziba King and wife to William A. Williamson, and certified copies of the last will and testament of William A. Williamson, of all the probate proceedings relating thereto and of the letters testamentary, by which will all the property of the testator, both real and personal, was in terms devised and bequeathed to his brother, the plaintiff, who was also appointed executor of the will, said devise being subject, however, to a life estate in the property to Lizzie Williamson, the wife of the testator, in the event she should survive him. To the introduction of all these papers the defendant objected upon the grounds: "First, that the same are immaterial and irrelevant. Second, that the will shows upon its face that it was not signed and executed in the manner required by law."

The trial judge reserved his ruling upon the objections, whereupon the plaintiff then introduced J. H. Hancock, as a witness in his behalf, who testified in substance that he was personally acquainted with the testator in his lifetime, who lived with his wife upon the land in question as his homestead up to the time of his death and left his widow surviving him, but no children and no other members of his family; that the testator died about one year before his wife; that the plaintiff was the natural brother of the testator, and that the defendant was not related to the testator in any way. The defendant then objected to the proffered documentary evidence upon the further

ground, "that the said will is null and void and inopera-
tive to devise the homestead of the testator, he having
died leaving a widow surviving him, but no children."
The trial judge then overruled all the objections and ad-
mitted the papers in evidence, to which ruling the defen-
dant duly excepted, and which forms the basis of the sec-
ond assignment.

The defendant then testified in his own behalf in sub-
stance that he had lived in DeSoto county fifteen years
and that he knew both the testator and his wife during
their lifetime; that they lived upon the land in question
as their homestead until their death and had no children;
that the testator's widow died on the 21st day of Decem-
ber, 1904, about fourteen or fifteen months after her hus-
band.

The defendant then offered in evidence a deed executed
by Elizabeth Williamson, the widow of the testator, bear-
ing date the 6th day of December, 1904, to the defendant,
conveying the land in question and being properly execu-
ted and acknowledged, but to the reading of the same in
evidence the plaintiff objected on the ground that "said
deed purports on its face to be made by Elizabeth Wil-
liamson to one Isam B. Thomas, when in law and in fact
the grantor in said deed owned no title of any character
that she could convey by deed."

This objection was sustained, to which an exception
was duly noted, and upon which is based the third assign-
ment.

The parties having concluded and submitted their evi-
dence, the court, after argument of counsel, on its own
motion, instructed the jury as follows: "Gentlemen of
the jury, you will bring in a verdict in this case for the
plaintiff."

To the giving of which instruction the defendant excepted, and upon this ruling is predicated the fourth assignment.

The defendant made a motion for a new trial, which was denied and an exception noted to the ruling, which forms the basis for the first assignment.

We shall first consider the second assignment, based, as we have seen, upon the overruling of the objection to the admission of certified copies of the will and probate proceedings in evidence.

Section 1110 of the Revised Statutes of 1892 provides that "copies of all wills and letters testamentary or of administration, *heretofore* recorded in any public office of record in this State, when duly certified to by the keeper of said records, shall be received as evidence in all the courts of record in this State," but it is obvious that this statute could not have applied in the instant case for the reason that the will and letters testamentary were recorded *after* the adoption of the Revised Statutes.

Section 1111 of the Revised Statutes of 1892, reads as follows:

"1111. Of evidence of records of public officers in general.—In all cases where any record, pleading, document, deed, conveyance, paper, or instrument of writing is, or may be required or authorized to be made or filed or recorded in any public office of this State or of any county thereof, a copy thereof duly certified under the hand and seal of office (if there be a seal of office, and if there be no seal of office, then under the private seal of the officer having the custody or control of the same) to be a true and correct copy of the original on file or of record in his office, shall, in all cases and in all courts and places, be admitted and received in evidence with the like force and

effect as the original thereof might be. Nothing herein contained shall be so construed as to prevent any court or judge before whom such copies may be offered in evidence from requiring the party offering the same to produce or account for the original of such copy, if the same shall be deemed necessary or proper for the attainment of justice."

Section 1814 of the Revised Statutes of 1892, provides that all wills of which probate shall be granted, together with the letters testamentary, shall be recorded in the office of the County Judge.

Under the provisions of these two sections, the certified copies of the will and accompanying documents were entitled to "be admitted and received in evidence with the like force and effect as the original thereof might be." If these sections stood alone it would seem that any objections could be urged against the admissibility of the copies which could be urged against the original documents. However, we have another statute, section 1810 of the Revised Statutes of 1892, which reads as follows:

"1810. Effect of probate.—The probate of wills so far as concerns any personal estate shall be conclusive as to the validity of the will of which it is the probate, and the probate of wills so far as concerns real property shall be prima facie evidence of the validity of wills of which it is the probate, in any suit or controversy in relation to or concerning the property thereby devised or bequeathed."

We shall consider the grounds of objections interposed in the light of these statutes. The first ground of objection urged against the admissibility of the proffered documents, "that the same are immaterial and irrelevant," is clearly untenable, under the rule enunciated by this court that "general objections to evidence proposed, with-

out stating the precise ground of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances, when a general objection thereto is sufficient." Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, and authorities therein cited.

The second ground of objection, "that the will shows upon its face that it was not signed and executed in the manner required by law," is also untenable, for the reason that Section 1810 of the Revised Statutes of 1892 makes the probate of wills conclusive as to the personalty and *prima facie* evidence of the validity of wills as to real property. The manner of execution and of attestation of the will cannot be attacked in a collaterial proceeding. See 16 Ency. of Pl. & Pr. 1061 et seq.; Vanfleet's Collateral Attack, Sec. 585; Ryno v. Ryno, 27 N. J. Eq. 522; Page on Wills, Sec. 313; Abbott's Trial Evidence, (2nd ed.) 139. There is nothing in Belton, Administrator, v. Summer, 31 Fla. 139, 12 South. Rep. 371, S. C. 21 L. R. A. 146, which conflicts with or militates against the principle we have just enunciated. In that case the execution and attestation of the will were not called in question, nor the admissibility in evidence of a certified copy thereof. In fact, it is expressly recognized therein that the effect of the probate of the will as *prima facie* evidence must be overcome by other evidence. See text of the opinion 146. Also see Kelly v. Jackson, 6 Peters, 622, cited in the opinion in that case by this court as to what *prima facie* evidence is. We would also cite to the same effect, Crane v. Morris, 6 Peters 598; United States v. Wiggins, 14 Peters 334; 6 Words & Phrases Judicially Construed, 5549. *"Prima facie* evidnce is such as in the judgment of

the law is sufficient to establish the fact, and, if unre-butted, remains sufficient for that purpose." Also see 4 Wigmore's Evidence, Sec. 2494.

We come next to the third ground of objection inter-posed, "that the said will is null and void and inopera-tive to devise the homestead of the testator, he having died leaving a widow surviving him, but no children." Even if this ground be well founded, the matters stated therein did not appear upon the face of the will, but would have to be proved by extraneous evidence, there-fore it is not sufficient to prevent the introduction of the copies in evidence.

None of the grounds of objection are well taken, there-fore the second assignment must fail.

We consider next the third and fourth assignments based upon the action of the court in excluding from evi-dence the deed from the testator's widow to the defendant and in instructing the jury to find a verdict for the plain-tiff.

In passing upon these assignments we have to determ-ine whether or not Chapter 4730 of the Laws of 1899, upon which plaintiff in error relies, is constitutional. If it is, then both of these errors are well assigned. This Chapter reads as follows:

"Chapter 4730—(No. 69.)

An Act Regulating the Descent of Homesteads and the Widow's Interest Therein.

*Be it Enacted by the Legislature of the State of Florida*:

Section 1. Whenever a person who is the head of a family residing in this State and having his homestead herein, shall die and leave a widow surviving him, but no children, the homestead shall descend to the widow and shall not be the subject of devise by last will and testa-

ment; but if there be any child or children, then the widow shall be entitled to a dower or a child's part in such homestead as she may elect, and such election shall be made as and within the time prescribed by law for elections between dower and a child's part, in other cases, and should she not elect to take a child's part, she shall be confined to dower in such homestead property. No provision in any will in favor of the widow as to any other property of such husband shall affect her right hereunder to such homestead property; but she may take under the will such other property as may be given to her thereby or dower therein as she may elect.

Approved May 29, 1899."

It is contended by the defendant in error that this act is in conflict with Section 4 of Article X of the Constitution of 1885, which is as follows:

"Section 4. Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."

This act has never been before this court for construction, therefore none of our former decisions in homestead cases is applicable or controlling. An examination of section 4 of Article X of the constitution discloses that it neither undertakes to provide for, nor to prevent, the disposing of the homestead by will by the holder thereof, who is without children, but simply says that nothing therein contained shall prevent such a disposition thereof in such a case, in a manner to be prescribed by law. Our State Constitution is a limitation upon power; and unless legislation duly passed be clearly contrary to some express or

implied prohibition contained in the Constitution, the courts have no authority to pronounce it invalid. State by Attorney General *ex rel.* F. B. Moodie *et al.* v. N. P. Bryan *et al.*, decided here at the last term, and authorities therein cited. Tested by this principle, we are of the opinion that the act in question is valid and constitutional. It follows from what has been said that for the errors found the case must be reversed and a new trial awarded, and it is so ordered, at the cost of the defendant · in error.

COCKRELL and WHITFIELD, JJ., concur.

HOCKER and PARKHILL, JJ., concur in the opinion.

TAYLOR, J., (concurring.)   I concur in the conclusion reached in this case for the following reasons:  The power to alienate any species of property by last will and testament has never been an inherent right in the citizen, but one that is derived from legislation, and is at all times subject to legislative control, and may at any time be altogether taken away by legislative act. In the history of this State, as early as November 20th, 1828, every person of the age of twenty-one years was empowered, by an act of the legislature then passed to dispose of property real and personal by last will and testament, and thus has the law stood from that day down to the present time. Section 1792 Revised Statutes of 1892. I do not think that it was the design of Section 4 of Article X of our Constitution of 1885, to curtail or impose any limitations or restrictions upon the power of the legislature over the general subject of the alienation of property by last will and testament, except that it in express terms makes the homestead inalienable by will when the holder thereof has

children *in esse.* Of course the legislature cannot interfere with this status given by the organic law to the homestead of a holder having children. The constitution inhibits its alienation by will when the holder has children, and the legislature is without power, *contra* to the constitution, to empower him to do so; but the language of said section 4 of the constitution is carefully and somewhat peculiarly chosen. It expressly and carefully confines anyone construing it to *its own terms and provisions.* Its language is: "Nothing *in this article* shall be construed to prevent the holder of a homestead, if he be without children, from disposing of his or her homestead by will in a manner prescribed by law." This is equivalent to saying: "None of the provisions *in this article of this constitution* shall be held to prevent the holder of a homestead who is without children from alienating the same by will, but although this constitution does not so prevent, yet the legislature is left free to prevent it, or to impose such limitations and conditions upon such an alienation of it, in the absence of children, as it may see proper." In other words, the constitution neither *permits* nor *prevents* the disposal of the homestead by will, when the holder is without children, but the legislature is left free to deal with the subject as it sees proper. This the legislature has done by Chapter 4730 Laws of 1899, whereby the homestead is made inalienable by will when the holder thereof is survived by a widow. This act, I think, is entirely constitutional.