Campbell et al. v. Skinner Mfg. Co.—Syllabus.

WASH CAMPBELL, NEILL CAMPBELL, CAROLINE CAMPBELL
AND W. A. JONES, ADULTS, AND JAMES E. JONES, MAGGIE
JONES, CHARLES A. JONES, G. M. JONES, CAMPBELL JONES
AND MARY JONES, MINOR HEIRS OF MARY JONES, DE-
CEASED, BY A. C. BLOUNT, THEIR GUARDIAN *ad litem* ANL
NEXT FRIEND, PLAINTIFFS IN ERROR, v. SKINNER MANU-
FACTURING COMPANY, A CORPORATION, DEFENDANT IN
ERROR.

1.   Chapter 5162 of the Laws of 1903, entitled "An act Making
     Copies of Records Evidence in Re-establishment Proceed-
     ings," is not in conflict with section 16 of article 3 or
     with section 21 of article 16 of the state constitution
     of 1885.

2.   A liberal rule of construction should be applied when the
     constitutionality of legislative enactments is questioned;
     and every reasonable doubt should be resolved in favor
     of the constitutionality of the act assailed.   The courts
     are bound to uphold a statute, unless it is clearly made
     to appear beyond a reasonable doubt that it is unconsti-
     tutional.

3.   If the title of the act fairly gives notice of the subject of the
     act so as reasonably to lead to an inquiry into the body
     thereof, it is all that is necessary.   The title need not be
     an index to the contents of the act.   The title to an act
     may be general, and so long as the generality of the sub-
     ject therein expressed is not employed as a guise to con-
     ceal the real object thereof, or some provision therein, it
     will not be objectionable.

4.   A right to have one's controversies determined by existing
     rules of evidence is not a vested right, and the legisla-
     ture, within constitutional restrictions, has the power to
     change the rules of evidence.

5. Section 21 of article 16 of the state constitution of 1885 is not a limitation upon the power of the legislature, so as to prohibit it from changing the rule of evidence as to the introduction in evidence of copies of deeds and mortgages, so long as it did not undertake to render inadmissible the class of instruments enumerated in such section of the constitution.

6. While the proof of the contents, or the substance of the contents of the operative parts of lost instruments, in re-establishment proceedings, should be clear and satisfactory, to require the principles of evidence to be applied with technical nicety in such cases would oftentimes not only work great hardship but would defeat the ends of justice. Obviously from the very nature of things, after the lapse of many years, primary evidence or strict proof could not well be obtained concerning such ancient matters.

This case was decided by Division A.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount,* for Plaintiffs in Error.

*Ernest Amos,* for defendant in Error.

SHACKLEFORD. C. J.: This is a proceeding instituted by the defendant in error against the plaintiffs in error in the circuit court for Santa Rosa county for the re-establishment of certain described papers, consisting of a judg-

ment alleged to have been recovered by Christian Campbell, now deceased, against Neill Campbell, also now deceased, in the circuit court for Santa Rosa county, for the sum of $3000, in the year 1859, an alias execution alleged to have been issued out of said court on said judgment in the year 1867, a sheriff's deed from A. B. Dixon, sheriff of Santa Rosa county, to Christian Campbell and George G. McWhorter, based upon such judgment and execution, alleged to have been executed on the 6th day of December, 1867, and a deed of conveyance from Christian Campbell and George G. McWhorter to William V. Jernigan, alleged to have been executed on the 24th day of April, 1871. It is further alleged in the petition of defendant in error that substantial copies of all of the instruments so sought to be re-established are attached as exhibits to the petition; that on the 13th day of July, 1869, the court house of Santa Rosa county with the records of the county, including the judgment and original and alias execution, were all destroyed by fire; that the two deeds in question have been lost or destroyed and are not in the custody or control of petitioner, but the time and manner of such loss or destruction are unknown to petitioner.

To this petition Wash Campbell and Neill Campbell, two of the defendants, filed an answer, in which they denied all the material allegations of the petition, and an examiner was appointed to take testimony therein. The petition was originally brought against the adult defendants, but subsequently, by leave of court, the infant defendants were made parties thereto, by whom, through their guardian *ad litem*, an answer was filed also denying the material allegations of the petition, and the same examiner was

appointed "to take the testimony in said cause only in so far as the interests of said minors may be affected."

Voluminous testimony was taken by the respective parties before the examiner, many objections being interposed by them to different parts thereof, and the matter finally came on to be heard before the court upon the pleadings, the report of the examiner, the evidence taken before him and the objections interposed thereto. On the first day of September, 1906, a final judgment was rendered by the court re-establishing all of the papers, in accordance with the prayer of the petition. In this judgment the various objections interposed to the evidence by the respective parties were passed upon, all of the objections interposed by the petitioner being overruled and some of the objections interposed by defendants sustained and some overruled.

To this judgment a writ of error was sued out by defendants, returnable to the present term of this court. Twenty-nine errors are assigned, but we do not think it necessary to set them forth or to discuss them in detail.

Certified copies of the sheriff's deed from A. B. Dixon, sheriff, to Christian Campbell and George G. McWhorter, and from said Campbell and McWhorter to W. V. Jernigan, were offered in evidence by petitioner, to the introduction of which defendants interposed various objections. Neither of said deeds was acknowledged or proved for record, but each was spread upon the public records of Santa Rosa county, on the 29th day of September, 1874, by Frank Smith, then clerk of the circuit court of such county. We think the evidence clearly establishes the fact of such record by such clerk and that the record thereof is in his handwriting. Petitioner claims that cer-

tified copies of these two deeds are admissible in evidence under chapter 5162, laws of 1903, which is as follows:

"CHAPTER 5162—(No. 57.)

AN ACT Making Copies of Records Evidence in Re-establishment Proceedings.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1.    That where any deed forming a link in a chain of title to any land in this state has been placed upon the proper record without having been acknowledged or proven for record, has been lost or destroyed, certified copies of the record of such deed as so recorded may be received as evidence in any court of this state in proceedings to re-establish such deed; provided, such deed has been so recorded for twenty years.

(Became a law without the approval of the governor.)"

Defendants contend that this act is unconstitutional for the following reasons:

First, because is does not sufficiently comply with the requirements of Section 16 of Article 3 of the constitution of 1885, which is as follows:

"Section 16. Each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section, as amended, shall be re-enacted and published at length."

Second, because it is in conflict with section 21 of Article 16 of the constitution of 1885, which is as follows:

"Section 21.    Deeds and mortgages which have been

proved for record and recorded according to law, shall be taken as *prima facie* evidence in the courts in this state without requiring proof of the execution. A certified copy of the record of any deed or mortgage that has been or shall be duly recorded according to law shall be admitted as *prima facie* evidence thereof, and of its due execution with like effect as the original duly proved; *Provided,* It be made to appear that the original is not within the custody or control of the party offering such copy."

In support of the first ground of unconstitutionality urged against the act defendants cite State *ex rel.* Attorney General v. Burns, 38 Fla. 397, 21 South Rep. 290, to the effect "that the titles of bills must not be misleading, or tend to avert inquiry as to the purpose of the act," and that "the title of an act should fairly apprise not only the members of the legislature, but the people to be affected, of the subject of legislation being enacted." There is no doubt as to the correctness of these propositions. See State *ex rel.* Attorney General v. Bryan, 50 Fla. 293, 39 South. Rep. 929, and authorities therein cited; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 South Rep. 72; Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786. But is the title to the act in question misleading, so as to render it obnoxious to the provisions of Section 16 of Article 3 of the constitution of 1885? Defendants contend that "one would suppose from such a title that the legislature intended to permit the introduction of copies of records which at the time of the passage of the act were recognized by law as proper and sufficient records, and not that it intended to make an entire change in the rules of evidence and constitute that a record which the supreme court in a series of decisions had declared was no record." Is this position tenable? In answering this question and

in passing upon the constitutionality of the act in question, we must bear in mind that it is settled law in this court that "a liberal rule of construction should be applied when the constitutionality of legislative enactments is questioned; and every reasonable doubt should be resolved in favor of the constitutionality of the act assailed." Holton v. State, 28 Fla. 303, 9 South. Rep. 716. Also see State ex rel. Attorney General v. Bryan, 50 Fla. 293, 39 South. Rep. 929, and authorities therein cited, to the effect that "the courts are bound to uphold a statute, unless it is clearly made to appear beyond a reasonable doubt that it is unconstitutional." To the same effect see Thomas v. Williamson, 51 Fla. 332, 40 South. Rep. 831. It is also held in these cited opinions that "if the title to the act fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill it is all that is necessary. The title need not be an index to the contents of the bill or act. The title to an act may be general, and so long as the generality of the subject therein expressed is not employed as a guise to conceal the real object of the law, or some provision therein, it will not be objectionable." At the time of the introduction of the act in question we had a number of statutes relating to the admissibility of copies of records in evidence. See, among others, sections 1109, 1110, 1111 of the Revised Statutes of 1892, section 21 of article 16 of the constitution of 1885, which we have copied above, also contains a provision as the admission in evidence of certified copies of deeds and mortgages that had been recorded according to law. All of these statutes, as well as the provisions of the constitution, must be deemed to have been in the legislative mind at the time of the introduction, consideration and enactment of the act in question. The

natural conclusion, then, is that the legislature intended to make some change in the existing laws concerning the admission of copies of records in evidence in re-establishment proceedings. Certified copies of all papers which were required or authorized by law to be recorded were already admissible in evidence "in all cases and in all courts and places," (Thomas v. Williamson,, 51 Fla. 332, 40 South Rep. 831), but copies of instruments actually spread or bodily transcribed upon the records which were not authorized or required to be recorded, or which had not been properly proved or acknowledged for record, were not admissible in evidence. See Sanders v. Pepoon and Olcott, 4 Fla. 465; L'Engle v. Reed, 27 Fla. 345, 9 South. Rep. 213; Hope v. Johnson, 28 Fla. 55, 9 South. Rep. 830; Keech v. Enriquez, 28 Fla. 597, 10 South. Rep. 91; Parker, Holmes & Co. v. Cleveland, 37. Fla. 39, 19 South Rep. 344.

No necessity existed, then, for the enactment of a law making certified copies of legally recorded instruments admissible in evidence. Also, the fact that the title to the act in question limited the admission of the copies of records in evidence to re-establishment proceedings of itself was calculated to put one on notice that some change in the existing law was contemplated. Only something that once had an existence but has become lost or destroyed can be re-established. Tested by the rules laid down by this court, which we have copied above, we must hold that the title to the act in question sufficiently complies with the requirements of the constitution to withstand the attack made upon it. Any doubt which we have must be resolved in favor of the act. Anderson v. Hill, 54 Mich. 477, 20 N. W. Rep. 549, cited by defendants, is not in conflict with the conclusion which we have reached. "That a

right to have one's controversies determined by existing rules of evidence is not a vested right," and that the legislature, within constitutional restrictions, has the power to change the rules of evidence, see Cooley's Constitutional Limitations (7th ed.) 524. Summer v. Mitchell, 29 Fla. 179, 10 South. Rep. 562, S. C. 30 Amer. St. Rep. 106, 14 L. R. A. 815, and Apel v. Kelsey, 47 Ark. 413, 2 S. W. Rep. 102, will prove instructive upon the point under consideration.

Is the second objection urged by defendants against the validity of the act tenable? In support thereof they cite State ex rel. Murphy v. Barnes, 24 Fla. 29, 3 South. Rep. 433, to the effect that "when the constitution prescribes the manner of doing a thing, that is in effect a prohibition against a passage of a law prescribing a different manner of doing it." Holland v. State, 15 Fla. 455, is also relied upon. We fail to see wherein these citations are in point. We do not understand that section 21 of article 16 of the constitution of 1885 is a limitation upon the power of the legislature, so as to prohibit it from changing the rule of evidence as to the introduction in evidence of deeds and mortgages, so long as it did not undertake to render inadmissible the class of instruments enumerateed in such section of the constitution. We do not think that the principle of the maxim, *expressio unius exclusio alterius*, is applicable, but, even if so, it should be applied with great caution to the provisions of an organic law relating to the legislative department. State v. Bryan, *supra*. We have carefully examined all of the other authorities cited by defendants and are of the opinion that they do not sustain their contention. This being true, we reach the conclusion that the act in question is not violative of either section of the constitution cited by defendants. Both of

the deeds in question had been spread upon the public records for a much longer period than twenty years, the time fixed by the act.

The other assignments are largely based upon the admission of evidence, over the objections of defendants. No useful purpose could be served by discussing these assignments in detail. Suffice it to say that we have given all of the assignments careful consideration and have examined the different authorities cited in support thereof. All of the instruments sought to be re-established belonged to that class known as ancient instruments or documents, and to require the principles of evidence to be applied with technical nicety in such cases would oftentimes not only work great hardship, but would defeat the ends of justice. See generally 16 Cyc. 1075; 17 Cyc. 522; 19 Am. & Eng. Ency. of Law (2nd ed.) 563; 3 Wigmore's Evidence, sections 2137, 2138; 13 Cyc. 735, note 47. Obviously from the very nature of things, after the lapse of many years, primary evidence or strict proof could not well be obtained concerning such ancient matters. We fully approve of the principles enunciated in Fries v. Griffin, 35 Fla. 212, 17 South. Rep. 66, and Edwards v. Rives, 35 Fla. 89, 17 South. Rep. 416, cited by defendants, but do not find wherein these principles were violated in the instant case. Following the first of the two cited cases, we must decline to disturb the judgment of the circuit court on the ground that it is not supported by the evidence.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.	41—S C