[No. 11259. Department Two. — September 28, 1886.]

## CHARLES TAIT, RESPONDENT, v. SAMUEL HALL, APPELLANT.

PUBLIC ROAD — ACTION TO RESTRAIN OPENING — EXISTENCE OF ROAD A QUESTION OF FACT. — In an action to restrain a road overseer from opening an alleged public road, the question whether the *locus in quo* had ever been a highway is one of fact.

ID. — DECLARATIONS OF FORMER OWNER — EVIDENCE. — The action was brought to restrain the defendant as road overseer from opening an alleged public road across the land of the plaintiff. On the trial, the de-

fendant introduced in evidence certain declarations of a former owner of the land to the effect that he intended to open the *locus in quo* as a road. The plaintiff thereupon in rebuttal introduced certain other declarations of the former owner made at about the same time, and while he was having the land surveyed, to the effect that he did not intend to open the road. *Held*, that the evidence was properly admitted.

ID. — DECLARATIONS MADE DURING PERFORMANCE OF AN ACT. — The declarations of a party while engaged in the performance of an act, and illustrating the object and intent of its performance, are admissible in evidence.

ID. — WITNESS CANNOT TESTIFY TO IMPRESSIONS. — Where a witness has testified to the performance of certain acts by another, he cannot give his impressions as to the object the other had in their performance. Such an inference is for the court.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion.

*John F. Ellison*, for Appellant.

*Chipman & Garter*, for Respondent.

SEARLS, C. — This is an action to restrain the defendant, as road overseer of Tehama road district, in the county of Tehama, from opening a road for public use across the land of plaintiff.

The cause was tried by the court without a jury; written findings were filed, upon which a decree was entered in favor of the plaintiff, perpetually enjoining the defendant from entering upon, laying out, constructing, opening, or keeping open a road for public use through the land of the plaintiff, which is properly described.

From this decree, and from an order denying a motion for a new trial, defendant appeals. Under the pleadings and evidence the case turned upon the question whether a strip of land sixty feet in width on the east side of the premises described in the complaint, and running across the same from north to south, was in fact a public road.

The findings on this branch of the case are as follows:—

"6. That the said strip of land above described has never been laid out or erected as a road or public highway by order of the board of supervisors, and has never become a public road by use or dedication by any owner of said land or otherwise; nor has any part or portion of plaintiff's land described in his complaint in this action and in the findings become a public road by order of the board of supervisors, or by use or by dedication or otherwise.

"7. That the said defendant will carry out and perform the acts so threatened by him, unless restrained by the process of this court, and plaintiff will be irreparably injured thereby.

"8. That A. G. Toomes, mentioned in defendant's answer, never, as owner or otherwise, on or about the year 1873, or at any other time, dedicated said strip of land, or any part thereof, to the public and for a public highway, either by spoken words of said A. G. Toomes or by his conduct.

"9. That the said strip of land was never accepted by the public as a highway, and the public since 1873, or since any other date, have not traveled upon or over said strip of land or any part thereof, or used the same continuously or at all as a public highway."

Appellant attacks these findings numbered 6, 7, 8, and 9, upon the ground that they are not supported by the evidence, and are contrary thereto.

There is a substantial conflict in the testimony, and upon well-settled principles we are not at liberty to disturb the findings under such circumstances.

The findings cover all the issues in the cause necessary to a determination of the case.

The allegation of the answer that A. G. Toomes was the owner of the land in 1870 was wholly immaterial, except as a predicate for showing that as such owner he dedicated the land to the purposes of a highway, and the eighth finding negatives the fact of such dedication.

The court having found that no highway ever existed over the land, and that plaintiff was the owner thereof, the further allegation of the answer that plaintiff built a fence thereon and across the highway became immaterial.

Manifestly, if he owned the land and the public had no easement in it or right to it, he could build as many fences as he chose upon it without incurring any liability thereby. So, too, if it was never a highway, there was no right in the public to be abandoned.

The question of highway or no highway was one of fact, to be passed upon as such by the court, and was properly determined as such. (*Harding* v. *Jasper*, 14 Cal. 642.)

There was no error in permitting the witness A. J. Clark to testify as to the declarations of Toomes (deceased), made while he was having the land surveyed, to the effect that he was not going to have a road on the west line of the land he was surveying.

The declarations of a party while engaged in the performance of an act, and illustrating the object and intent of its performance, are admissible in evidence.

The evidence was admissible in rebuttal of the declarations introduced by defendant, tending to show that Toomes had said about the same time that he would open a road at the point indicated.

The action of the court in ruling out the testimony of the witness Healy, so far as he proposed to give *his impressions*, was proper.

The witness had stated that in surveying off the west line of the land sold to Simpson by Toomes, he had run the western boundary on a line with the east side of Second Street.

The witness was then asked if he knew what the object of Toomes was in making the lines thus correspond; to which he replied that he did not recollect what Toomes said about it, and then was about to give his impression as to the object.

The inference to be drawn from the acts of Toomes was for the court to draw from his acts, and the impressions or opinions of the witness were not admissible as aids to the deductions to be made by the court.

We find no error in the record calling for a reversal, and are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.