JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, vs. A. L. WELLMAN, APPELLEE.

1. A declaration against a railroad company to recover damages for killing a mule on its road, need not be more specific in its allegation as to locality than to state the county in which the killing occurred.

2. The report of an employee of the company as to the killing of an animal, if admissible as evidence on behalf of the company, is not so unless it be shown that it was the duty and business of the employee to make such report, and that it was made contemporaneously with the occurrence; nor should the oral testimony of the employee be stricken out on the ground that his report is better evidence.

3. The engineer in charge of the engine had testified for the company, and on cross-examination was asked "what would be the consequence if you should kill stock carelessly and negligently, and should report it to your company?" The question was objected to on the ground that it was new matter, and was irrelevant and incompetent, but the court overruled the objection: *Held*, that the question was proper, as a means of furnishing the jury a test of the value of his evidence through his relation to the company, and his interest and inclination towards the parties.

4. There is no rigorous rule that would exclude cumulative testimony in rebuttal, but its admission or rejection rests very much in the discretion of the trial judge.

5. The statute of 1887, chapter 3740, makes the fact of injuring or killing live stock by the engine, etc., of a railroad company, when proven to the satisfaction of the jury, *prima facie* evidence of negligence. And where this fact is proved, and the evidence is conflicting in regard to the particular carelessness which it is claimed led to the injury, if the evidence to which the jury gave credence reasonably tends to support their finding, this court will not disturb the verdict.

6. Where the testimony as to the value of an annimal killed by a railroad company does not indicate whether the estimate of the value given was based upon the market price, if there is such a price to govern, or upon actual value, and there is nothing to show that an effort was made to ascertain from the witnesses on what basis the valuation was made, this court will not set aside the verdict on the mere supposition that this basis was not the market value.

Appeal from the Circuit Court for Volusia County.

The facts of the case are stated in the opinion.

*J. R. Parrot* for Appellant.

*Hamlin & Stewart* for Appellee.

MAXWELL, J. In an action of appellee against appellant to recover damages for the negligent killing of a mule, the declaration runs thus: plaintiff "sues the defendant, the Jacksonville, Tampa & Key West Railway Company, a corporation duly incorporated under the laws of the State of Florida, and as such, the defendant, in the month of May, 1887, run and operated a railroad from Jacksonville to Sanford, Florida, and run the same in and through Volusia county, and on or about the 18th day of May, 1887, and in Volusia county, the said defendant, by their servants, agents and employes carelessly and negligently run the engine and cars of defendant over one mule, the property of the plain-

tiff, and crippled and wounded the said mule, of which injuries the said mule soon thereafter died," etc. This declaration was demurred to on the ground that it does not allege the existence of defendant so as to give the court jurisdiction of the case, and on the further ground that it does not set forth in what part or near what mile post on defendant's road the accident happened in Volusia county with sufficient exactness to enable the defendant to make its defence. The court overruled the demurrer, properly so, we think, but the record contains exception to this. The mere reading of the declaration shows that the first ground has no foundation in fact; and as to the second ground, it was not necessary in respect to locality to set forth more than that the accident occurred on defendant's road in Volusia county. We know of no rule of pleading which requires a more particular statement of the place of such occurrence.

The defendant filed three pleas, 1st, not guilty, 2d, contributory negligence, and 3d, a fuller equivalent of not guilty. Issues were joined on the pleas, and a trial had, in the progress of which arose the further questions presented here for determination. Among these is a question relating to the admission or retention of the evidence of one Giles, a witness for the plaintiff. After he had testified as to what he saw at and about the time the engine of defendant struck the mule, he was asked by defendant's counsel if in his official capacity, being section foreman, he did not after the accident make a report to the company in regard to it. He said he did. Thereupon said counsel moved to strike out his testimony on the ground that there was better evidence in existence, meaning the said report. The court denied the motion. A similar question is connected with the effort of the same counsel to get in evidence a like report of one Gerror, engineer, and a witness for defendant.

The court refused to admit it, but permitted the witness to refresh his memory from the report. In both instances the action of the court was proper. It was not shown, so far as the record discloses, that it was the duty or business of either of these witnesses to make such reports, and if it was, it is not a matter of such common knowledge as to dispense with proof of it. As to Giles it does not appear when his report was made, whether contemporaneously or not; but even if there had been satisfactory showing on these points, so as to render the paper admissible, if admissible at all, this furnished no reason for striking out his oral testimony. If admissible in analogy to entries by a third person in the course of business, that does not render his oral testimony inadmissible. On the contrary, the rule is that "if he is living, and competent to testify, it is deemed necessary to produce him." 1st Greenleaf on Evidence, Sec. 115. Then as to Gerror, besides that it does not appear that it was his duty or business to to make such reports, the one he made was dated May 29th, and as the accident occurred May 18th, we are not prepared to say that it was within the rule which requires contemporaneous entry of the transaction to render it admissible as evidence. So Gerror's report also, if admissible at all, was properly excluded for want of requisite conditions to support it.

On cross-examination of the engineer, Gerror, he was asked "what would be the consequence if you should kill stock carelessly and negligently, and should report it to your company?" Defendant's counsel objected to the question "on the ground that it was new matter, was not brought out on the direct, and was irrelevant and incompetent," and he says here that the court erred in overruling his objection. We think not. There is much latitude allowed

in a cross-examination, because "by means of it, the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudices,  *  *  *  are all fully investigated and ascertained, and submitted to the consideration of the jury, *  *· who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony." 1 Greenleaf on Evidence, Sec. 446. The answer of the witness—"I would pay for it and get out"— shows that the question related to his· situation towards the parties, and to his interest and inclination, and was with a view to test the value of his testimony.

The objection to the testimony in behalf of plaintiff of one Aiken, as being improperly admitted in rebuttal, is 'not well founded. There had been conflict of testimony between the witnesses of plaintiff and defendant on important matters of fact, and Aiken was called to strengthen the case of the plaintiff, his testimony on those matters being in fact strictly in rebuttal of that of defendant's witnesses, though cumulative from a different point of observation of that of plaintiff's witnesses. We do not understand that there is any such rigorous rule as would cut off his testimony under such circumstances, but that its admission or rejection lies very much in the discretion of the trial judge.

The testimony being freed from the objections of appellant, we are now to consider whether the verdict in favor of plaintiff should be set aside because contrary to the evidence and to law. And in considering the evidence, the rule established by statute in 1887 (Acts 1887, p. 113, Chap. 3740,) must be applied. This makes the fact of the injuring or killing of live stock by a railroad engine, cars or train, when proven to the satisfaction of the jury, "*prima facie* evidence of negligence on the part of (the) railroad

company." That the mule was injured and died from the injury, and that the injury was inflicted by an engine running at the time on defendant's road in Volusia county, is not disputed. This much proved, the burden was then put upon appellant to show that the injury was not the result of negligence. In regard to that, it appears from the testimony of appellant's witnesses that the brakes of the engine were in good order, that the whistle was blown, and that proper effort was made with the lever to stop the train, but that it was impossible to stop it in the distance between the train and mule when the muld was first seen from the engine, the distance, according to their statement, being not over twenty feet. If there was negligence, therefore, it is to be found in some other facts than the condition of the engine and its management. Appellee claims as a principal fact, that there was carelessness in the engineer and others on the engine, in not keeping a proper lookout ahead, and to show this has evidence that the road-track over which the train ran for a mile before reaching the mule, was straight, and that, though early in the morning, there was sufficient light to enable them to see it a much longer distance than twenty feet. One witness says that it was after sunrise, about 6 o'clock in the morning of the 18th of May, and that before the mule was struck he saw brakeman on the top of the cars as it was passing some forty or fifty rods (more than three hundred yards) distant from him. Another says it was broad daylight when he saw the train coming down the track, about half a mile off, as it seemed to him, but would not say whether the sun was up or not, and saw the mule on the track some way off, before it was struck. Another says he plainly saw the mule at a distance of one hundred feet, grazing on the grade of the road fifteen or twenty minutes before it was struck, and that

when so seen it was between daylight and sunrise. He says further, that the morning was foggy. On the other hand it is claimed for defendant that the morning was very foggy, that the accident occurred just at dawn, and that at the time, owing to these conditions and to the fact that one could not see more than twenty or thirty feet ahead with the headlight, on account of the fog, the accident was unavoidable; and the engineer and fireman testify to this effect.

It was incumbent on appellant to satisfy the jury that there was not carelessness in the particular mentioned, and they in dealing with the conflicting evidence as to the time of day, and as to the sufficiency of light for discovery of the mule sooner than was done, and in time to prevent the accident, found in favor of the plaintiff, and on this conclusion their verdict sustained the charge of negligence. This court will not disturb a verdict reached under such circumstances, where the evidence to which the jury gave credence, reasonably tends to support it, as in this case we think it does.

Another ground of objection to the verdict is that "there was no testimony as to the market value or as to the value of the animal killed, consequently no evidence on which the jury could assess damages." Two witnesses said the mule was worth two hundred dollars, but the verdict was for only one hundred and fifty dollars. It is argued from this that the evidence did not authorize the jury to find the amount they did, and that, therefore, they discarded the testimony and acted on their own knowledge, which they had no right to do. But there was other testimony which entered into the question of value. One witness said the mule was probably eleven years old, and another said it was an old gray mule. This may have influenced the jury

in their conclusion as to value, and probably did. And as to the question of market value, assuming that mules have such value, there is nothing in the evidence to show whether the estimate of value was upon what the mule was worth in market, or otherwise; and if appellant considered the market value the true measure of damages it was for him, by examination of the witnesses, to test whether or not that was the basis upon which the worth of the mule was given. We cannot say from anything before us that it was not.

The remaining questions raised by appellant we find to be without substantial merit, and it is unnecessary to discuss them. As to the refusal of the court to give the charges appellant asked for, some of these were calculated under the state of the evidence to be misleading, while as to the others there was nothing in the evidence to call for or warrant them.

The judgment will be affirmed.