JOHN C. WILLIAMS, PLAINTIFF IN ERROR, VS. F. J. LAPENOTIERE, DEFENDANT IN ERROR.

| | |
|---|---|
| 32 | 491 |
| 33 | 715, |
| 32 | 491 |
| 36 | 149 |
| 32 | 491 |
| 37 | 482 |
| 32. | 491 |
| 52 | 74 |
| 52 | 81 |
| 32 | 491 |
| 54 | 418 |
| 55 | 323 |
| 32 | 491 |
| 55 | 494 |

1. A bill of exceptions under our statute becomes a part of the record of a cause for the purposes of review in the appellate court, and where proper exceptions have been taken to the instructions of the court to the jury, and they appear in the bill of exceptions, error may be assigned upon them in this court on writ of error, although no motion for a new trial was made in the trial court.

2. Where the testimony submitted to the jury and upon which a verdict may be based, is conflicting, it is clearly a violation of the statute, construed by many decisions in this State, for the court to instruct the jury to give more weight to one part, or kind, of the evidence than another. This is exclusively the province of the jury, and it must not be invaded by the court.

Writ of Error to the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion of the court.

*Phillips & Carter* for Plaintiff in Error.

*C. W. Stevens* and *Fred. T. Myers* for Defendant in Error.

MABRY, J.:

Defendant in error, as plaintiff in the Circuit Court, sued plaintiff in error in assumpsit, the damages alleged being eighteen hundred and sixty seven and 44-100 dollars. The bill of particulars filed with the declaration consists of an account for professional services as an attorney rendered by the plaintiff for the defendant and for money expended by plaintiff for de-

fendant in connection with said services, aggregating the sum of $1,204.53, with credits of payments amounting to $270.81.

The items in this account are numerous and are for writing deeds and contracts, examining titles and giving legal advice in connection with the same, and for fees for services rendered in certain lawsuits instituted by John R. Jones against plaintiff in error. There was a plea of the general issue, set-off and recoupment. The plea of recoupment is based upon an alleged failure of defendant in error to skillfully and properly represent plaintiff in error in said litigation with Jones. A trial of the case resulted in a verdict in favor of plaintiff for $603.89 and judgment was entered for this sum and costs of suit.

An appeal was taken from this judgment and dismissed in this court at the June Term, A. D. 1889, because the transcript of the record was not filed within the time required by law and no sufficient excuse was shown for not doing so. Williams vs. LaPenotiere, 25 Fla., 473.

Subsequently the case was brought here by writ of error and an unsuccessful effort was made to dismiss this writ. Williams vs. LaPenotiere, 26 Fla., 333.

In the record as originally exhibited to this court on appeal there was no bill of exceptions, and nothing upon which error could be predicated in the proceedings of the trial court.

Along with the record on writ of error we have presented a bill of exceptions, and the case has been submitted on the record including the bill of exceptions.

The only error assigned is upon a portion of the charge given by the court to the jury, and it is con-

tended that in this portion of the charge the court invaded the province of the jury by charging upon the weight of the evidence.

The plaintiff testified for himself, in substance, that each item in the account for services rendered and money paid by him for the defendant was correct, that the services were rendered and money paid at defendant's request and the services so rendered reasonably worth the amounts charged in the account and remained unpaid. That he was at the time of rendering said services a practicing attorney-at-law and was such at the time of trial. On cross examination he admitted that defendant had paid two notes for him, but stated that credit had been given on the account for these payments; that he had been allowed at different times, how many he did not know but quite often, to ride a horse belonging to defendant and that he used the horse at defendant's request and did not know that pay was expected for the same; that the amount of $450.00 (the sum claimed in defendant's plea of set-off) for the use of the horse was extravagant and out of reason. He also stated that he was an attorney-at-law and did not think the charges in the account for services were unreasonable.

Plaintiff also introduced as witnesses four practicing attorneys, one of whom stated that for writing an ordinary deed a fee of five dollars was not too much. That he was counsel for Jones in his suits against the defendant in both the State and Federal courts, and that in the opinion of the witness the charges made by plaintiff in these suits were too much, and that $500.00 would be a reasonable fee in both cases; that they were one and the same case, the defendant having removed the case from the State court to the Federal court. A trial in the Federal court resulted in a verdict and

judgment against defendant but it was afterwards set aside on motion and the plaintiff dismissed the case. Another one of the attorneys testified that he thought $5.00 was not too much for writing an ordinary deed or contract, and that in his opinion the charges made by plaintiff for services in the case of Jones against Williams were not reasonable and that $500.00 for both courts would be reasonable. The other two witnesses testified in substance the same as the last one given. Several of the items in the account sued on are for drawing deeds and contracts and the charges for some of them are five dollars while for many others the charges are much more, some amounting to as much as twenty-five dollars. One item is for "settling the Spurling matter $120.00," and another "effecting exchange of Peerless and looking into title of land deeds and mortgages $200.00." The account shows a charge of six hundred dollars for retainers in the Jones suits in the State and Federal courts and fee for trial of suit in Federal court and obtaining new trial. The credit on the account was $270.81.

The defendant testified that the account of $450.00 filed with his plea of set-off was correct. That he had paid the plaintiff all that his services were worth and that he would not have instituted his suit or thought of charging these fees if he (witness) had not ceased to employ him (plaintiff) as attorney. That witness was not an attorney-at-law but he knew what writing a deed was worth and what was the customary charge, he having deeds drawn there and knew the usual charges made for the same. Also that the charges made by plaintiff for writing deeds were exhorbitant, and that he (witness) did not consider the services rendered by plaintiff in the case of Jones

against Williams of any value to witness, but they were in fact a detriment to him.

In charging the jury the judge said: "You are the judges of the evidence and must reconcile so far as you can any difference or contradictions between the parties themselves or other witnesses, but you should give greater weight to the evidence of experts testifying to matters peculiarly within their knowledge than that of persons not having such knowledge, and in doing so you may discard such portions of the testimony as you do not believe and accept only such as you do believe." This portion of the charge, as is shown by the bill of exceptions, was excepted to by defendant. In the following portion of his charge to the jury, but not excepted to, the judge stated to the jury that their verdict should be made from the evidence as accepted by them and that they should ascertain the value of the services as best they could from all the evidence giving special regard to that of experts.

Error is assigned here upon that portion of the charge excepted to and which we have copied.

Counsel for appellee contend that as the supposed error is found in the bill of exceptions it can not be reached on writ of error which lies to correct mistakes and errors apparent upon the face of the record proper, and without a motion for a new trial in the *nisi prius* court a misdirection of the jury by the court can not be assigned for error. The authorities cited to sustain this position need not be examined as the rule has been established otherwise in this State. Dupuis vs. Thompson, 16 Fla., 69; Parrish vs. Pensacola & A. R. R. Co., 28 Fla., 251. A bill of exceptions under our statute becomes a part of the record of the cause for the purposes of review in this court. Brown vs. State, 29 Fla., 543; Lovett vs. State, 28 Fla., 356;

and where proper exceptions have been taken to the rulings of the court and they so appear in the bill of exceptions, error may be assigned upon them here although no motion for a new trial was made in the trial court. But conceding that a charge of the court to the jury, embodied in a bill of exceptions and properly excepted to, may be reviewed on writ of error, and conceding further that the portion of the charge excepted to in the case before us was improper, counsel for appellee further contend that the judgment is fully sustained by the evidence and should not be set aside.

There are decisions in this court as well as in others holding that where the verdict of a jury is fully sustained by the law and the evidence, the judgment entered therein will not be reversed on account of an erroneous charge of the court in some matter of law, or for a refusal to give a charge appropriate to the case, when it clearly appears that substantial justice has been done and a proper conclusion reached on the evidence. The case of Mays' Executor vs. Seymour, 17 Fla., 725, belongs to this class of decisions. But the question presented by the exception to the charge now before us is whether or not the trial court had the right to instruct the jury as to the weight of the evidence, for it is perfectly clear that, in the portion of the charge excepted to, the jury was directed to give more weight to the testimony offered for plaintiff in certain particulars than that of the defendant. Conceding that the testimony of the defendant was equally competent with that of the experts to be submitted to the consideration of the jury as a basis for a verdict, we think it clear that the portion of the charge excepted to is in direct conflict with the inexorable rule

in this State that the Judge must not charge upon the weight of the evidence or the credibility of the witnesses. This rule is imbedded in legislative authority, and this court has in many cases both civil and criminal emphasized the necessity of adhering to it. Ferguson vs. Porter, 3 Fla., 27; Ashmead vs. Wilson, 22 Fla., 255; Baker vs. Chatfield, 23 Fla., 540; Pinson vs. State, 28 Fla., 735; L. & N. R. R. Co. vs. Yniestra, 21 Fla., 700; Gainer vs. State, 28 Fla., 113. In Metzger vs. State, 18 Fla., 481, a charge that there was no conflict in the evidence was held to be improper, but as the record showed no such conflict it was considered harmless. A similar ruling in principle was made on an exception to the charge of the court in the case of Brown vs. State, 18 Fla., 472. The erroneous charges in these cases did not cause reversals of the judgments because of the absence of testimony upon which contrary findings were at all proper. If, however, there is conflicting testimony, competent and submitted to the consideration of the jury, it is clearly a violation of the rule for the court to tell them to give more weight to one part, or kind, than to another. This is a matter exclusively within the province of the jury under our system of law, and we can not permit any violation of this principle without upsetting all that has been said on this subject.

It is apparent that the bill of exceptions in this case very meagerly sets forth what was really the testimony of the witnesses on the trial, but we must conclude here that it is satisfactory to all the parties and dispose of the case on what is before us. The suit is for professional services rendered by plaintiff as an attorney-at-law for defendant. The plaintiff testifies that all the items in his account are correct and unpaid,

32

and four practicing attorneys for him testify that for writing an ordinary deed or contract a fee of five dollars in their opinion is reasonable, and that the charge of $600.00 for fees as charged in the account is not reasonable but in their opinion $500.00 would be reasonable.

The defendant testified in substance on the point of professional services that while not an attorney-at-law he knew what was the customary fee for writing a deed at that place, and that the charges made by plaintiff for writing deeds were exorbitant, and that the services rendered by plaintiff in the Jones cases were in fact a detriment to witness; *and that he had paid the plaintiff all that his services were worth.* The charge in effect says to the jury: Give more weight to the witnesses for plaintiff on the subject of professional services than the testimony of the defendant himself. No objection was made to the testimony of the defendant, nor is it contended here that it was not competent for him to testify as to the value of professional services. Anthony vs. Stinson, 4 Kansas, 211; Head vs. Hargrave, 105 U. S., 45; Blizzard vs. Applegate, 61 Ind., 368; Vilas vs. Downer, 21 Vermont, 419. As the testimony of the defendant was before the jury for their consideration, it was error for the court to throw the weight of its influence in favor of the testimony for plaintiff. This is clearly a violation of the rule. Whatever may be our opinion in reference to the sufficiency of the evidence to sustain the verdict rendered, we can not allow the province of the jury in reaching that result invaded as it was in this case.

The result is the judgment must be reversed and a new trial awarded, and it is so ordered.