C. T. CROSS, *Plaintiff in Error,* v. NANNIE L. ABY and R. H. ABY, her husband, HENNIE F. MINTS and L. P. GOLSON, for the use of D. T. WILLIAMS, W. J. WILLIAMS, SR., and W. R. WILLIAMS, partners trading and doing business under the firm name of D. T. WILLIAMS & COMPANY, *Defendants in Error.*

| | |
|---|---|
| 55 | 311 |
| f55 | 63 |
| 55 | 66 |
| 55 | 68 |
| f55 | 400 |
| 55 | 559 |
| 55 | 562 |
| 55 | 311 |
| 56 | 92 |
| 56 | 139 |
| 56 | 419 |
| f57 | 72 |
| 57 | 295 |
| 55 | 311 |
| f58 | 202 |
| f58 | 277 |
| f58 | 302 |
| 59 | 370 |
| 59 | 374 |
| f60 | 129 |

1. An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court.

2. In the absence of evidence to the contrary, an alteration in a written instrument will be presumed to have been made contemporaneously with the execution of the instrument, and properly made, if nothing appears to the contrary. If, however, the court considers the alteration suspicious on its face, such presumption would be overcome and the onus would rest with the party offering the instrument to explain it.

3. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court.

4. The proof of the contents of a lost paper ought to be clear and satisfactory, and, whether neither the language nor any

part of the contents of such lost paper is given by the witness, his opinion as to the meaning or effect thereof is incompetent to prove its contents.

5. Where a witness, who has been interrogated as to an alleged lost paper, is unable to say whether or not he had ever seen such paper, no error is committed in refusing to permit him to testify as to what his impression was in regard to it.

6. In an action of ejectment, where the defendants base their claim of title to the lands in controversy by reason of adverse possession thereof for the statutory period and had introduced witnesses to prove such possession, who had testified that the same had consisted in cutting and hauling logs therefrom at different times during a number of years by the grantee in an alleged lost deed, through or under whom the defendants claim, a wide latitude should be allowed in the cross-examination of such witnesses, and no error was committed in permitting the asking of questions tending to establish the fact that such grantee was in the habit of cutting logs wherever he found them, whether he owned the lands or not.

7. No error is committed in refusing to strike out the answer of a witness to the effect that there was a prior deed executed to the plaintiff other than the one introduced in evidence, such testimony not being violative of the rule relating to the admissibility of secondary evidence.

8. In determining the correctness of charges and instructions, they must be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions must fail, even though standing alone such isolated paragraphs or portions might be misleading.

9. In an action of ejectment, where the defendants rely upon an alleged lost deed as a material link in their chain of title, the proof of the contents thereof, or of the substance of the contents of the operative parts thereof, should be clear and satisfactory, and no error is committed in so instructing the jury.

10. In an action of ejectment, an instruction that "the burden of proof is upon the plaintiff, first, to establish title and right of possession *prima facie*; this the plaintiff has done, by producing

a patent from the government to M. and deraigning his title from M.," violates the spirit of the statute requiring the charge or instructions to be upon "the law of the case only," but such an instruction, though technically erroneous, will not constitute reversible error, since it is plain that no harm could ensue to the defendants therefrom, viewing the whole evidence.

12. Evidence examined and found sufficient to sustain the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Maxwell & Reeves,* for plaintiff in error;

*T. F. West,* for defendants in error.

SHACKLEFORD, C. J.—The defendants in error brought an action of ejectment against the plaintiff in error in the circuit court for Santa Rosa county, which resulted in a verdict and judgment for the plaintiffs, which the defendant seeks to have reviewed here upon writ of error.

No error is assigned in connection with the pleadings, the declaration being in the usual form, to which the defendant interposed a plea of not guilty.

The first assignment is as follows: "The ruling of the court in overruling the objection of the defendant to the admission in evidence of the power of attorney from Nannie L. Aby and R. H. Aby to H. F. Mints."

We find from the bill of exceptions that the only grounds of objection interposed to the admissibility of this evidence were that "the signature of R. H. Aby

appeared to have been erased or changed. 2nd. That the signature of the witness A. E. May appeared to have been erased or changed. 3rd. That the acknowledgement has been altered. 4th. That there is no sufficient identification of the parties of the acknowledgment."

It is settled law here that this court cannot consider any grounds of objection to the admissibility of evidence, except such as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of those grounds will be considered by this court as are argued before it. Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, S. C. 8 L. R. A. (N. S.) 509, and authorities therein cited; Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706; Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32. The first three grounds of objection are the only ones urged before us. As was said in Kendrick v. Latham, 25 Fla. 819, text 844, 6 South. Rep. 871, text 877, "In the absence of evidence to the contrary, an alteration will be presumed to have been made contemporaneously with the execution of the instrument, and properly made, if nothing appears to the contrary." Also see authorities there cited, especially Stewart v. Preston. 1 Fla. 10, S. C. 44 Amer. Dec. 621. The following authorities will also prove instructive: Ward v. Cheney, 117 Ala. 238, 22 South. Rep. 996; Hammon's Evidence, page 132, and authorities cited in notes; 1 Ency. of Ev. 773, 810; Abbott's Trial Brief, Mode of Proving Facts (2nd ed.) 149 *et. seq.;* 2 Elliott's Evidence, Section 1516. It is undoubtedly true that in some aspects this has proved a vexed question for the courts and there is irreconcilable conflict in the authorities, but this court is committed to the rule announced in Stewart v. Preston, *supra,* and Kendrick v. Latham, *supra,* which two cases are approvingly cited in City of Orlando v. Gooding, 34 Fla. 244, 15 South. Rep.

770, wherein will be found a discussion of the four different rules enunciated by the various courts and additional reasons given for adhering to the rule previously adopted by this court, which, however, is amplified therein. We fully approve of what was said in the last cited case upon this point but see no occasion for repeating it here. There is no conflict in that case and Harris v. The Bank of Jacksonville, 22 Fla. 501, 1 South. Rep. 140, S. C. 1 Amer. St. Rep. 201, when the variant facts and circumstances in the two cases are considered and compared.

It is urged before us by the defendant that the instrument in question is not a deed or mortgage and therefore entitled after the recordation thereof to admission in evidence without proof of its execution under the provisions of section 21 of article 16 of the state constitution of 1885. We do not feel called upon to pass upon this contention. In fact, it would not be proper for us to do so, since no such ground of objection was made below. In addition to the authorities already cited, see Marsh v. Bennett, 49 Fla. 186, 38 South. Rep. 237. The first assignment must fail.

The next assignment urged before us is the third, which is as follows:

"The ruling of the court in sustaining the objection of plaintiffs to the testimony of the witness J. W. Collins that the deed from James P. Mints to W. D. J. Collins had the same form and appearance as other deeds."

The bill of exceptions discloses that the plaintiffs had introduced in evidence as their basis of title a patent from the United States to Samuel P. Mints to the lands in controversy, deeds from the heirs of said Mints and also conveyances from their grantees to plaintiffs. The defendant sought to establish the fact that in his lifetime Samuel P. Mints, (in the assignment of error and also in the testimony referred to as James P. Mints, without

explanation) executed a deed to such lands to W. D. J. Collins, which deed had been lost. J. W. Collins, the witness of defendant, had testified that he was a son of W. D. J. Collins and had seen the deed from Mints to Collins in 1896 at his step-mother's house and in her possession. The cross-examination of the witness had developed the fact that he could not read land numbers, that he did not remember the description in the deed and could not say there was any description therein, and that his recollection of the instrument, generally speaking, was vague and shadowy. As a matter of fact his testimony in chief was by no means convincing and satisfactory, but even in so far as it was so it was materially shaken by the cross-examination. On his re-direct examination, he said, "I have seen a great many deeds and am familiar with deeds. This deed had the same form and appearance as the other deeds." After this answer the bill of exceptions contains the following:

"Thereupon the plaintiffs by their counsel objected to the testimony of this witness that this deed was in the same form as other deeds upon the ground that it was incompetent, which objection was sustained by the court, to which ruling of the court the defendant then and there excepted."

We are not advised what question was propounded to the witnesses, whether it was objected to or whether it was sought to have the answer of the witness thereto stricken out on motion. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court. Ropes v. Stewart, 54 Fla. 185, 45 South. Rep. 31, and authorities there cited. Whether the ruling complained of was made upon objections to the question or upon a motion to strike out the answer, we are of the opinion that no error is made to appear.

As was held in Edwards v. Rives, 35 Fla. 89, 17 South. Rep. 416, "the proof of the contents of a lost paper ought to be clear and satisfactory," and "where neither the language nor any part of the contents of a lost paper is given by the witness, his opinion as to the meaning or effect of the lost instrument is incompetent to prove its contents." This case is quite in point and is instructive. The instrument concerning which the witness was testifying may have "had the same form and appearance as other deeds," in the opinion of the witness, but, after all, that is but the expression of his simple opinion and is not competent to establish the existence, validity or contents of the deed claimed to have been lost. This assignment has not been sustained.

The fourth assignment is "The ruling of the court in sustaining the objection of plaintiffs to defendant's counsel asking the witness, Barnhill, what his impression was as to whether the paper describing the land in controversy which he saw in the possession of Mrs. Barnhill was a deed from J. P. Mints to W. D. J. Collins and stating that the witness must testify directly whether he remembered or did not remember."

The witness had been produced by the defendant and had just testified on his direct examination that he could not say that he ever saw in the possession of Mrs. Barnhill the deed of Mints, the entryman, to the land in question. Whereupon he was asked by the defendant the following question: "What is your impression in regard to it?" which was objected to by the plaintiffs "because it calls for the impression of the witness," which objection was sustained, the court stating that the witness "must testify direct whether he remembers or whether he don't remember." We find that at the time this question was asked the witness had not indicated that he had any knowledge whatever as to the existence of any such instrument. This court in Chaires

v. Brady, 10 Fla. 133, text 140, has recognized what it termed "a marked distinction between the matter of *opinion* and the matter of *impression* or *understanding;* the former is predicated upon the existence or non-existence of a *fact*—the latter is only a *deduction* drawn from the *assumption* of that fact. So that while the one may rise to the standard of *evidence,* the other is universally rejected as such." Also see 1 Wigmore's Evidence, sections 658, 726, 727 and 728; 4 Words and Phrases, 3444; Tait v. Hall, 71 Cal. 149, 12 Pac. Rep. 391. We have examined all the authorities cited by the defendant, including 4 Ency. of Ev. and cases cited in note, and are of the opinion that, even if the question objected to might be proper under some circumstances, no sufficient predicate or basis had been laid therefor in the instant case. For this reason Kennard v. State, 42 Fla. 581, 28 South. Rep. 858, also cited by the defendant, is not in conflict with what we have said herein. This assignment must fail.

The same witness was subsequently asked by the defendant if he had not testified on a former trial that, while he could not say positively, his impression was that a certain paper he had seen was a deed. The sustaining of the plaintiffs' objection to this question forms the basis for the fifth assignment. This assignment must likewise fail for the reason that it was sought by the question so objected to to put in evidence in an indirect and improper manner the impression of the witness as to the paper, which impression had already been excluded when offered directly, as we have seen in disposing of the fourth assignment. The question is also violative of the rule laid down in Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142. See the seventh headnote.

The sixth, seventh, eighth and ninth assignments are discussed together by both the defendant and the plaintiff, and we shall so treat them. Certain witnesses had

testified on behalf of the defendant to the effect that W. D. J. Collins, the grantee in the alleged lost deed, had, at different times during a number of years, cut and hauled logs from the lands in question, seeking thereby to show adverse possession in Collins. On cross-examination these witnesses were asked certain questions tending to establish the fact that Collins was in the habit of cutting logs wherever he found them, whether he owned the lands or not, and that, therefore, the cutting upon the lands in question, was really trespassing. We have given the entire testimony of these witnesses a careful examination and are of the opinion that no error was committed by the court in permitting the propounding of these questions on the cross-examination. In cases of this character a wide latitude should be allowed on the cross-examination. See Volusia County Bank v. Bigelow, 45 Fla. 638, 33 South. Rep. 704; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Jacksonville, T. & K. W. Ry. Co. v. Wellman, 26 Fla. 344, 7 South. Rep. 845.

The basis for the tenth assignment is as follows: the defendant was asked by his counsel what was the value of the lands in controversy about the first of last year? This was objected to by the plaintiffs on the grounds of irrelevancy and immateriality, which objection was sustained. We are not advised by the transcript for what purpose this question was asked or what the answer thereto would have been. If, as the defendant contends in his brief, it was sought to establish the fact that the plaintiffs were not innocent purchasers of the lands for value but paid only a nominal sum therefor, we fail to glean that from the transcript or that its materiality was made known to the trial court, and, under these circumstances, we are not warranted in saying that the court erred in excluding it.

The eleventh assignment is based upon the refusal of

the trial court to grant the motion of the defendant to strike out the testimony of W. A. McLeod, a witness for plaintiffs, to the effect that there was a prior deed executed to the plaintiff other than the one introduced in evidence. The bill of exceptions discloses that the defendant "objected to the testimony of the witness that there was a prior deed as not being the best evidence and moved to strike the testimony of the witness upon that point." It is contended by the defendant that the motion should have been granted for the reason that the testimony was in violation of "the old established rule that secondary and oral evidence of a written instrument cannot be given until the original is shown to be lost or destroyed, as it is not the best evidence." We fail to see wherein this rule was violated. The defendant did not by the terms of his motion seek to have any portion of the testimony of the witness stricken out except "that there was a prior deed." This was not violative of the rule. See 17 Cyc. 477, and authorities there cited; 1 Elliott's Evidence, Section 216, and authorities there cited.

The twelfth assignment is predicated upon the giving of the following charge by the court:

"The proof must be clear and convincing, not only that such a deed existed, but that it was a valid deed, that it had all of the essential parts which a deed should have, such as the name of the grantor, the granting clause, the land conveyed, the consideration for which conveyance was made, words of perpetuity, as we call it, that is that the grant should be to some one and the heirs; in this instance that it should have been to W. D. J. Collins and his heirs and that it should have been signed by the parties who conveyed the land—in this instance by Mints; that it should have been sealed by a scroll or scrawl or some other seal; that it should have been signed in the presence of witnesses."

This is but one paragraph of the general charge given by the trial court. It is settled law here that, in determining the correctness of charges and instructions, they must be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions must fail, even though standing alone such isolated paragraphs or portions might be misleading. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities there cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757. We find that the sentence immediately preceding the paragraph quoted above and of which complaint is made is as follows: "Proof of such deed can be made by positive evidence and surrounding circumstances which are satisfactory to the jury," then comes a comma and the opening words of the paragraph quoted above. We also find that the following instruction was given at the request of the defendant: "The existence of a lost deed may be proved by circumstantial evidence, as well as by direct evidence." We are of the opinion that no error was committed here, but that this paragraph of the charge read in connection with the entire charge and the instructions given at the request of the respective parties litigant stated the law correctly. See Edwards v. Rives, 35 Fla. 89, 17 South. Rep. 416; Fries v. Griffin, 35 Fla. 212, 17 South. Rep. 66; Campbell v. Skinner Manufacturing Co., 53 Fla. 632, 43 South. Rep. 874; Garland v. Foster County State Bank, 11 N. Dak. 374, 92 N. W. Rep. 452; Capell v. Fagan, 30 Mont. 507, 77 Pac. Rep. 55; Elyton Land Co. v. Denny, 108 Ala. 553, 18 South. Rep. 561, and other Alabama cases therein cited; Loftin v. Loftin, 96 N. C. 94, 1 S. E. Rep. 837; Metcalf v. Van Benthuysen, 3 N. Y. 424; Madeira's Heirs v. Hopkins, 12 B. Mon. (Ky.) 595; Tisdale v. Tisdale, 2 Sneed (Tenn.) 596, S. C. 64 Amer. Dec. 775.

After giving that portion of the charge upon which

the twelfth assignment was predicated, in the very next sentence in the same paragraph, the court further charged the jury as follows:

"When all of these things are proven to your satisfaction by a preponderance of the testimony, then you would be entitled to find that such a deed existed, but if any one of these essential facts is not proven to your satisfaction by a preponderance of the testimony, you cannot guess at it, and say because somebody saw a deed, it was probably a deed to this land from Mints to Collins."

Upon this portion of the charge the thirteenth assignment is based.

Immediately after these words, in the same paragraph, the court further proceeded to charge the jury: "You must be sure, in other words, not beyond the possibility of a doubt, but you must be sure as reasonable men, from the evidence produced in court in this case that is from the preponderating weight of that evidence, that about the time it is claimed in the testimony, that is between 1860 and 1866, there did in fact exist a deed of the character which I have described to you, making a valid conveyance of the land in controversy, from the entryman Mints to W. D. J. Collins, the ancestor of the parties who conveyed to the defendant in this suit."

Upon this portion of the charge is predicated the fourteenth assignment.

What we have said in disposing of the twelfth assignment applies with equal force to these two assignments, so we simply refer to what was there said, the authorities there cited and the reasoning employed in them. Also see Morrison v. State, 42 Fla. 149, 28 South. Rep. 97, and Marshall v. State, 54 Fla. 66, 44 South. Rep. 742. We would further add that, after a most careful consideration of all the evidence adduced by the defendant, we are clear that it failed to establish the fact

that the alleged lost deed ever had an existence, under the requirements laid down by the cited authorities, even if we should still further stretch the liberal application of the rule laid down in Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 South. Rep. 874.

Prior to the giving of those portions of the general charge upon which the twelfth, thirteenth and fourteenth assignments were based, the court had instructed the jury that "the burden of proof is upon the plaintiff, first, to establish title and right of possession *prima facie*. This the plaintiff has done, by producing a patent from the government to a man named Mints, and deraigning his title from Mints to himself, or themselves."   The fifteenth assignment is based upon the last sentence of the portion of this charge.   In support of his contention, the defendant cites and relies upon Baker v. Chatfield, 23 Fla. 540, 2 South. Rep. 822.   It is undoubtedly settled law here that it is error for a circuit judge to charge a jury otherwise than upon the law of the case.   We fully approve of what was said upon this point in the cited case, but in that case the evidence was not incorporated in the bill of exceptions, hence was not before the court for consideration, while in the instant case all the evidence is so incorporated.   We are of the opinion that the trial court committed technical error in giving this portion of the charge, but we are further of the opinion that, viewing the whole evidence, it is apparent no prejudice to defendant's rights could have resulted therefrom.   See Metzger v. State, 18 Fla. 481, approvingly cited upon this point in Baker v. Chatfield, *supra;* Brown v. State, 18 Fla. 472, and authorities cited therein; Williams v. LaPenotiere, 32 Fla. 491, 14 South. Rep. 157; Southern Pine Co. v. Powell, 48 Fla. 154, 37 South. Rep. 570; Thomas v. State, 47 Fla. 99, 36 South. Rep. 161.

The sixteenth assignment is based upon the giving

of the following instruction, at the request of the plaintiffs:

"If you should find from the evidence that plaintiffs have produced conveyances in proper form, by which the property in controversy was conveyed by the United States to James P. Mints, and that he died intestate leaving heirs, and that thereafter his heirs conveyed by proper conveyances the land in controversy to the plaintiffs or to persons who subsequently conveyed to plaintiffs then you should find for the plaintiffs, unless the defendants have produced clear and satisfactory evidence that James P. Mints in his lifetime by a deed executed in proper form and containing operative words of conveyance conveyed the property to W. D. J. Collins and that said deed had been lost."

The authorities cited in disposing of the twelfth assignment are equally in point here, and this assignment must fail.

The seventeenth assignment is based upon the giving of the following instruction, at the request of the plaintiffs:

"The mere fact, if it be a fact, that W. D. J. Collins paid taxes on the land in controversy, or that he claimed to own it, or that he cut logs or timber from it, or that the land was reputed in the community to belong to Collins, or that he built and maintained a log camp upon it, or that a part of the property was set apart to his widow for dower, would not and does not give him title to the land. If plaintiffs have shown a paper title in themselves for the land, tracing such title from James P. Mints, then they are entitled to recover in this suit, unless the defendants have produced clear and satisfactory evidence that James P. Mints in his lifetime by a deed executed in proper form and containing operative words of conveyance conveyed the property to W. D. J. Collins and that said deed had been lost."

This assignment must fail, for the same reason that the twelfth and sixteenth assignments failed and the authorities cited in disposing of them are applicable here. Also see Kendrick v. Latham, 25 Fla. 819, 6 South. Rep. 871, as to the presumption obtaining that possession of land is under and in subordination to the legal title, and sections 1720 and 1721 of the general statutes of 1906.

The next assignment urged before us is the twentieth, which is based upon the refusal of the court to give the following instruction requested by the defendant:

"The different essential features of a lost deed, as signing, sealing, consideration and witnesses, may be shown by circumstantial evidence; that is by proof of circumstances from which the probability is that such facts existed."

In so far as this instruction stated the law correctly upon the points embraced therein, such principles had already been fully covered by the charge given by the court and by other instructions given at the defendant's request, as will be found by referring to our treatment of the twelfth assignment. No error, therefore, was committed by the court in refusing to give it. See Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706, and authorities there cited.

We come next to the twenty-first assignment, which is based upon the refusal of the court to give the following instruction requested by the defendant:

"A consideration is presumed in a deed executed under seal without actual proof of such consideration."

It would be a sufficient disposition of this assignment to state that, in our opinion, the defendant had failed to establish by competent and satisfactory evidence the execution of the alleged lost deed under seal, therefore the refusal to give such requested instruction could have

resulted in no harm to him. However, as to the necessity of proving the consideration even in a sealed instrument, when the same becomes a material question, see Lake v. Hancock, 38 Fla. 53. 20 South. Rep. 811, S. C. 56 Amer. St. Rep. 159.

The twenty-second assignment is predicated upon the refusal of the court to give the following instruction requested by the defendant:

"Even if W. D. J. Collins did not have a good and valid deed conveying to him the lands in question, if he had what purported to be such a deed and was color of title and under it was in actual possession of the land for more than seven years, openly, adversely, notoriously and continuously, this would give him title as against J. P. Mints or his adult heirs not under disability."

Suffice it to say that the evidence adduced in this case did not warrant or call for the giving of such requested instruction, therefore no error was committed in refusing it. See Harris v. Butler, 52 Fla. 253, 42 South. Rep. 186, and authorities there cited.

This brings us to the consideration of the twenty-third and last assignment, which is based upon the overruling of the motion for a new trial. The only ground of this motion which is urged before us is that the evidence was not sufficient to support the verdict. We are of the opinion that the verdict finds ample support in the evidence, and, following the established practice in this court, we must refuse to disturb it. See Seaboard Air Line R. Co. v. Scarborough, *supra,* and McNish v. State, 47 Fla. 69, 36 South. Rep. 176, and authorities there cited.

Finding no reversible error, the judgment must be affirmed and it is so ordered.

COCKRELL, and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.