THE SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error,* v. CORA A. HARBY, *Defendant in Error.*

55    555
56     92
56    419
156   491

1. In an action against a railroad company for the negligent killing of a cow. an allegation in the declaration that "the said killing having been done by reason of the said defendant not having erected and maintained then and there the fences and stock-guards on both sides of its said railroad track as aforesaid, as is required by law," is sufficient to warrant the admission of testimony to the effect that the defendant's track was not fenced at the time and place where the cow was killed.

2. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court.

3. An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below, and general objections to evidence are vague and nugatory, unless the evidence is inadmissible under any circumstances.

4. Where the declaration in an action against a railroad company describes it as organized and existing under the laws of the State of Virginia, but, through a clerical misprision, in the judgment entered against such company it is described as a corporation organized and existing under the laws of the State of Florida, this constitutes no ground for the reversal oft he judgment, and such error will be directed to be corrected.

This case was decided by Division A.

Writ of Error to the Circuit Court for Madison County.

The facts in' the case are stated in the opinion of the court. .

*Geo. P. Raney and Hardee & Rowe,* for plaintiff in error;

*F. P. Cone,* for defendant in error.

SHACKLEFORD, C. J.—The defendant in error brought an action against the plaintiff in error for the negligent killing of a cow, which the declaration alleges was of the value of $75.00. Double damages were sought to be recovered under the provisions of section 2871 of the General Statutes of 1906. Pleas of not guilty and a tender by the defendant before action brought of the sum of $25.00, which was refused by the plaintiff, were filed, upon which issue was joined and the case tried before a jury. Such trial resulted in a verdict in favor of the plaintiff for the sum of $65.00. The value of the live stock killed having been fixed by

the verdict of the jury at less than the amount demanded in the written notice, but more than the amount tendered, the court rendered judgment against the defendant, in accordance with the provisions of section 2875 of the General Statutes of 1906, for the sum of $65.00, the actual value of such live stock, $33.25 costs, and $31.50, reasonable attorney's fee. The defendant seeks to have this judgment reviewed here by writ of error.

The second error assigned, which is the first argued, is that "the court erred in permitting the plaintiff to testify over the defendant's objections that the defendant's track was not fenced at the time and place where her cow was killed."

The defendant contends in support of this assignment that, under the allegations in the declaration, testimony was not admissible to show that the track was not fenced. It is undoubtedly true that the *allegata* and *probata* must meet and correspond. Atlantic Coast Line Railway Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities there cited. Also see Dexter v. Seaboard Air Line Railway, 55 Fla. 292, 45 South. Rep. 887, and authorities there cited. It is also settled law in this court, as is contended by the defendant, that any pleading must be most strongly construed against the pleader thereof. Fully conceding the correctness of these principles, we fail to see their applicability to the assignment of error in question or wherein they support the same. We find that the declaration contains an allegation that "the said killing having been done by reason of the said defendant not having erected and maintained then and there the fences and stock-guards on both sides of its said railroad track as aforesaid, as is required by law." This is sufficient to warrant the admission of the testimony to which the defendant objected, and the second assignment must fail.

The third assignment is that "the court erred in

permitting the plaintiff to testify over defendant's objections that her father paid Capt. English $85.00 for the mother of the cow in question."

We find the following disclosed by the bill of exceptions: "And the said plaintiff further to maintain the issue on her behalf then and there produced herself, Cora A. Harby, and offered to prove by her that: C. S. Harby, plaintiff's father, some years before, bought the mother of the cow in question from Capt. English in the town of Madison, Fla., and paid him, Capt. English, therefor the sum of $85.00, but to the admission of the matter so offered to be proved the defendant did then and there object on the grounds that: said matter is immaterial and irrelevant, and that evidence of what the mother of the cow in question once sold for could not be used in fixing the value of the cow sued for. But the said judge did then and there overrule said objections and admit said evidence to which ruling the defendant did then and there except."

The testimony given by the witness upon this point was as follows: "On the 24th day of April, 1906, the train on the railroad of the defendant, and operated by the defendant, ran over and killed a cow belonging to me. She was half Jersey and half Organdy. She was a good milch cow, would give two and a half gallons of milk per day. I saw her milked frequently, by a negro man who did the milking. She was a cow of ordinary size. I know the stock of cattle. My father bought her mother from Capt. English at Madison. He gave $85.00 for my cow's mother. I saw him pay for her and he paid $85.00. (The last two sentences were objected to by defendant on grounds heretofore set out in this bill of exceptions as immaterial and irrelevant, and could not be used in fixing value in this case, objections overruled, evidence admitted and exceptions noted.) He gave the

cow for which I have brought this suit to me when she was a calf, and she was mine at the time she was killed."

As will be observed, the questions propounded to the witness are not set forth and we are not advised whether the ruling complained of was made upon objections to the questions or upon a motion to strike out the answers of the witness. Be that as it may, no error is made to appear. Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820. Testimony as to the breed of the cow was competent and admissible and the price paid for the mother of the cow in question, while not fixing the value of such cow, was admissible as against the grounds of objection urged as tending to show the class to which such cow belonged and the general value thereof.

The fourth and fifth assignments are based upon the admission of certain testimony relating to the value of the cow, over the defendant's objections. We see no useful purpose to be accomplished by discussing these assignments in detail. We have carefully examined the testimony so admitted in connection with the objections interposed thereto and have failed to discover any reversible error therein. We again call attention to the principle which has been so often enunciated by this court, that an appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below, and that general objections to evidence are vague and nugratory, unless the evidence is inadmissible under any circumstances. Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32, and Cross v. Aby, *supra,* and authorities cited therein.

The sixth assignment is expressly abandoned.

The seventh assignment is based upon the fact that in the judgment entered by the court the defendant corporation was described as a corporation organized and

existing under the laws of the state of Florida, when the declaration describes it as organized and existing under the laws of the state of Virginia. Obviously this is a clerical misprision and constitutes no ground for reversal of the judgment. Since all court minutes should be made to speak the truth, it is within the power of the trial court as well as within the power of this court to order the correction of clerical errors, therefore we will direct that such error be corrected.

This disposes of all the assignments, except the first, which is based upon the overruling of the motion for a new trial, and we have disposed of all the grounds thereof in discussing the other assignments, except those which question the sufficiency of the evidence to support the verdict, and those grounds are not insisted upon by the defendant, its brief containing a frank admission to the effect that there is evidence to support the verdict or tending to do so.

Finding no reversible error, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ. concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.