LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. W. J. BERRY, *Defendant in Error*.

1. Where the regular fare charged by a railroad company is four cents per mile and a passenger, who boarded one of the trains thereon, tendered in payment of his passage from one station to another on such road, a distance of 126 miles, his mileage book containing coupons for 125 miles and five cents in money, such company has no legal right to demand of such passenger five cents additional fare, under the rule adopted by the State Railroad Commission, "Ten (10) cents as a minimum fare may be collected where the regular fare would be less than that sum."

2. Reasonable conditions, regulations or rules may be enforced by a railroad company in such an arbitrary and unreasonable manner as to make such company liable to respond in an action for damages.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error.

*Avery & Avery,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error brought an action against the plaintiff in error to recover damages for his alleged wrongful expulsion from a passenger coach on one of the defendant's trains and recovered a judgment for the sum of $50.00, which the defendant brings here for review. As is admitted by the defendant in its brief, all the material facts in the case are practically undisputed. The plaintiff boarded defendant's train at Cottondale, one of its stations, distant 126 miles from Pensacola, and tendered the conductor of such train, in payment of his passage from Cottondale to Pensacola a mileage book, which had been duly issued to plaintiff by defendant, containing only 125 miles, at the same time tendering five cents for the additional mile which his mileage book was short. The conductor refused to accept such mileage book and five cents for such passage, demanding of the plaintiff five cents additional fare. The plaintiff refused to comply with this demand and at Aycock, the next station beyond Cottondale, the plaintiff was ejected from such train. Several errors are assigned, but, as the defendant admits in its brief, all of such assignments "depend upon the question as to whether plaintiff was lawfully ejected from the train."

The defendant, in support of its contention, relies upon the contract in the mileage book, which was signed by the plaintiff and which contained the following conditions:

"7. 'NON-MODIFICATION OF TERMS: No agent or employee of any line has power to alter, modify or waive any conditions of this contract or any stipulations printed hereon.

12. From this ticket one coupon shall be detached for each mile or fraction of a mile traveled. Four (4) coupons will be detached for distances of four (4) miles or less.

14. This ticket shall only be available for transportation to the regular schedule stopping points of train or boat upon which it is presented.

In consideration of the reduced rate at which ticket is sold, I, the original purchaser hereby accept and agree to be governed by all of the conditions of this contract and other stipulations printed on this ticket, and acknowledge that the description punched hereon correctly indicates my personal appearance according to the terms used.' "

The defendant also introduced and read in evidence the following rule adopted by the railroad commission of the State of Florida, governing transportation of passengers:

"Ten (10) cents as a minimum fare may be collected where the regular fare would be less than that sum."

It seems that the plaintiff made a motion to exclude this rule, but at what stage of the trial or upon what grounds, or what ruling was made thereon, we are not advised. The trial judge made a certain statement concerning the matter, in the presence of the jury, to which defendant noted an exception and which constitutes one of the errors assigned. We decline to set out the language used, for the reason that, even though technical error may have been committed, it must be held to be harmless error. See Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820, and authorities there cited.

The jury could not have been misled by the statement made by the trial judge or the defendant harmed, since the peremptory instruction was given to the jury to find a verdict for the plaintiff. It is true that the correctness of this instruction or direction is challenged by the defendant in an assignment of error, but we are of the opinion that such assignment has not been sustained. The regular fare charged upon defendant's road is four cents per mile.

Conceding that plaintiff was bound by the conditions of the contract which he signed and the same were reasonable, as is also the rule of the Railroad Commission, copied above, yet it does not follow that defendant has the right to enforce such conditions, regulations and rules in an arbitrary and unreasonable manner. There is a clear distinction between a minimum fare of ten cents and the fare demanded in this case for the extra mile of continuous passage. It seems to us that this is too obvious for discussion or comment. See 28 Amer. & Eng. Ency. of Law, (2nd ed.) 174. We have examined all the authorities cited to us by defendant, but fail to find wherein they support its contentions.

Finding no reversible error, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.